JOHN M. BATTERMAN, Appellant, *v.* ARCHIBALD FINN, Respondent.

An order of the General Term of the Supreme Court, reversing an order of the Special Term obtained in the action adjudging a party guilty of a contempt of court in violating an injunction order, is not appealable to this court before final judgment.

Whether an appeal would lie by a party from an order *affirming* an order of Special Term punishing him for contempt, *quere?*

THE COURT, PER JAMES, J. It is insisted by the respondent, that these orders are not appealable at this stage of the action, and not until after final judgment.

Appeals to this court are governed entirely by section 11 of the Code, and unless authority is found there, an appeal at the present stage of the action is not authorized.

It seems that the original action is still pending and undetermined; that the proceedings to obtain these attachments for contempt were in the original action by orders to show cause; that being so, they were orders in the action, not special proceedings, as defined by the Code. This court, in *Pitt* v. *Davidson* (37 *N. Y.*, 235), held, that a proceeding to obtain an attachment as for contempt by order to show cause entitled in the action, even after judgment, was a proceeding in the action.

Section 11 of the Code has four subdivisions. The first authorizes appeals after judgment; the second, from an order where it determines the action and prevents a judgment. These appeals do not come under either of these subdivisions. The third subdivision authorizes an appeal "in a final order affecting a substantial right in a special proceeding," &c. It is under this subdivision that the appeal must be sustained, if sustained under the Code as it was when these appeals were brought. Subdivision four, as it then stood, had reference only to constitutional questions. These appeals were not authorized by the third subdivision, 1st. Because they were not special porceedings; and 2d. Because the denial of

an attachment for contempt did not affect a substantial right. Perhaps it might have been otherwise as to the defendants, had the order been affirmed.

I am, therefore, of the opinion, that the respondent's objection is well taken, and that the appeals should be dismissed.

All concurring, appeal dismissed.