Folger, J.
 

 Does there an appeal tie from the order complained of, to this court ?
 

 It is an order adjudging the defendant in contempt, and is made before final judgment in the action.
 

 In the
 
 N. Y. and N. H. R. R.
 
 v.
 
 Ketcham
 
 (3 Keyes, 24), decided in 1866, the Special Term made an order that unless the defendants comply with certain directions therein contained, an attachment should issue against them for a violation of the injunction order theretofore made in the action. This was affirmed, on- appeal to the General Term. The General Term however, on application of the defendants, vacated its order of affirmance, and made an order reversing that of the Special Term, unless the defendants do the thing particularly mentioned in the last order of the General Term.
 

 . From this last order the defendants appealed to this court. It was here held that it was not a final order affecting a substantial right in a special proceeding; that it was made in the action, and though it might affect a substantial right, it was not a final order, but one preliminary to punishing the party alleged guilty of a contempt. The appeal was dismissed. There is, perhaps, an intimation that if it had been a final order, the appeal might have been entertained.
 

 In
 
 Pitt
 
 v.
 
 Davison
 
 (37 N. Y., 235), judgment had been rendered, adjudging a specific performance of a contract, and directing the defendant to convey. He refused to obey. On the return of an order to show cause etc., the Special Term
 
 *45
 
 adjudged Mm guilty of contempt, and ordered Mm to be committed until he should obey. He moved to set aside this order, and the Special Term denied the motion. On appeal, the General Term reversed the order of denial, and set aside the order of imprisonment. From the order of the General Term an appeal was taken to this court. Here it was held, entertaining the appeal, that the order of the Special Term was one in the action. The order of the General Term was reversed.
 

 In
 
 Batterman
 
 v.
 
 Finn
 
 (March, 1869, 40 N. Y., 340), the defendant had violated an injunction order. The action was still pending. On order to show cause, the Special Term adjudged the defendant in contempt, and ordered an attachment to issue. The General Term (it is to be gathered from the report of the case) reversed the order, and from the order of reversal an appeal was taken to this court. It was here held, that as the Code stood when the appeal was taken, it could be sustained, if at all, only under subdivision three of section eleven, as from a final order affecting a substantial right in a special proceeding; but that it was not in a special proceeding, and that a denial of an attachment did not affect a substantial right, and the appeal was dismissed. But a
 
 quero
 
 was thrown out, whether, if the order of the Special Term had been affirmed in the General Term, and the defendants had appealed, it might not have been otherwise.
 

 In
 
 Sudlow
 
 v.
 
 Knox
 
 (decided in June, 1869, reported in 7 Abbot, Pr. Rep., N. S., 411), a judgment had been recovered in a former action against the defendant; and in proceedings supplementary to execution therein, the plaintiff in this action had been appointed receiver. He had brought an action against the defendant which was still pending, and a reference had been ordered to take and state an account. For a refusal of the defendant to leave Ms books of account with the referee, the defendant was by the Special Term, adjudged guilty of a contempt, and fines were imposed upon him, and he was ordered committed until he produced and left the books with the referee.
 
 *46
 
 On appeal to the General Term, the order, with a modification of the amount of fine was affirmed. From the order of General Term an appeal was taken to this court. This court, composed of the'same judges who had given the judgment in
 
 Batterman
 
 vi
 
 Finn, swpra,
 
 found presented to them the facts which it had, in that case intimated, would require a different adjudication; and it held upon them, that the order of the Special Term was one not made in the action, but was a final order, made in a special proceeding, affecting a substantial right, and was appealable to this court, and reviewed the order and affirmed it. The real distinction in the cases would seem to rest upon this, that in
 
 N. Y. and N. H. R. R.
 
 v.
 
 Ketchum,
 
 and in
 
 Batterman
 
 v.
 
 Finn,
 
 the order appealed from was preliminary, while in
 
 Sudlow
 
 v.
 
 Knox
 
 it was final. This remark will not apply to
 
 Pitt
 
 v.
 
 Davison.
 
 There is, perhaps, a want of perfect harmony in these eases. But the decision in
 
 Sudlow
 
 v.
 
 Knox
 
 was evidently the result of deliberate consideration, and is sustained by the reasoning of the opinion delivered. It pointed out a just and reasonable practice in such- cases; and having been expressly followed in
 
 The Erie Railway
 
 v.
 
 Ramsey,
 
 45 N. Y., 637, that practice may be considered as fixed; and see
 
 The People
 
 v.
 
 Sturtevant
 
 (9 N. Y., 5 Seld., 263). We must hold then, that this order adjudging the defendant in contempt and prescribing a punishment therefor, is made in a special proceeding, and affects a substantial right. If it is a final order, it is appealable through the General Term to this Court.
 

 It will be noticed, upon a reading of the ordér, that it does not, as to a part of the specified punishment, absolutely impose it upon the defendant. It is. an order, in the first part of it, that unless within ten days he complies with the order which he had refused to obey, and pay ten dollars cost, his answer should be stricken out, and the cause should proceed as if there were no answer, and that it be referred to a referee named to take proofs. The order, so far, is conditional. The punishment is not inflicted absolutely, but it is
 
 *47
 
 in Ms power to avert it; and if he does not avail himself of the condition, there must be proof put on file of Ms failure so to do, and another order of the court malting peremptory and absolute that which, by this order is but conditional. True, parties for the purposes of this appeal have stipulated that he has not availed himself of the condition. But that, though it may be proof to this court, is not yet proof to the court which made the order. And there is nothing to show this court that there has been an absolute and final order, which has actually imposed upon him the threatened penalty of striking out his answer and the like. (See
 
 Adams
 
 v.
 
 Fox,
 
 27 N. Y., 640, and
 
 Butler
 
 v.
 
 Lee
 
 [Ct. of App.], 33 How. Pr. R., 251; and see also,
 
 Weston
 
 v.
 
 City of Charleston,
 
 2 Peters’ U. S., 449, 464.) There is then as yet no final order in that particular from which an appeal may be taken.
 

 It is suggested that the order in that respect is appealable as falling within the last paragraph of sub. 4, section 11, of the Code, as amended in 1867 and 1870 (see
 
 People
 
 v.
 
 Auditor, etc.,
 
 1 Albany Law Jour., 60), as being an order affecting a substantial right and an order to strike out an answer. But there is the same difficulty here. The order does not strike out the answer. It is an order that the defendant is in contempt, and that he purge himself of that contempt and submit to the direction, and unless he does so, his answer be stricken out. The answer yet remains, for aught that appears, upon the record. It is not yet stricken out; and whether it will be or not depends upon further action of the court below.
 
 Won constat
 
 but that on an application for an order absolute to that effect somewhat may appear to the court and cause it to withhold such order. The defendant may not in advance ask the judgment of this court, whether the court below has the power to do what it has not yet done. The appeal from so much of the order cannot be entertained.
 

 But the Special Term went further and ordered that in the meantime
 
 (i. e.,
 
 until he complied with the former order, for disobedience of wliich he was in contempt), all proceedings
 
 *48
 
 on the part of the defendant in the action, including his proceedings on his appeal taken from the former order to the General Term, be and the same were thereby perpetually stayed. This is in the view of a majority of this court an absolute and final order, and falls within the principle asserted in
 
 Sudlow
 
 v.
 
 Knox (supra).
 
 It is, therefore, as to so much of it appealable.
 

 We have no doubt but that the Special Term had the general power to adjudge the defendant in contempt and to punish him therefor. It had jurisdiction of his person by the personal service upon him of the summons. The allegations of the complaint show a situation of the parties and an alleged cause of action which gave it jurisdiction of the subject-matter. (2 R. S., 146, § 50,
 
 et seq.)
 
 The matters set up in the answer to show want of jurisdiction and other defences are not yet conclusive. They form the issues in the cause, and are the matters to be tried and proven before the action is defeated. It is to put the plaintiff in the possession of means with which to prepare for a trial of them that the statute (2 R. S., 148, § 58) gives to the court the power which it has exercised in her behalf.
 
 (North
 
 v. North, 1 Barb. Chy. Rep., 241;
 
 Purcell
 
 v.
 
 Purcell,
 
 3 Edwards’ Chy. Rep., 194.)
 
 *
 
 It was for the Special Term to say, on all the facts shown to it, whether she should be furnished by the defendant with means to enable her to try these issues. The order made by it to that end is not before us for review. We must, for the purposes of this appeal, presume that it was right in its terms and directions.
 
 (The People
 
 v.
 
 Spaulding, 2
 
 Paige, 326;
 
 The People
 
 v.
 
 Sturtevant, supra.)
 
 It matters not that she has made an unsuccessful motion, for means to carry on
 
 *49
 
 another action seeking other relief in a court in another State. The order there denying her motion in that action is not an adjudication which bars an application here in this action. The Special Term having made the order and the defendant having on service thereof neglected to comply with it, he has been disobedient of the court and in contempt of it. The court had power to punish him therefor. (2 R. S., 534, § 1, sub.) This might be by fine or imprisonment, or both. (Id. and p. 538, §§ 20
 
 ei seq.)
 
 But it was not limited to this mode of enforcing its orders. Inasmuch as after the commencement of the action, he had gone out of the jurisdiction, it would not have availed to order him fined and committed. But it had control over its own proceedings and could refuse to the defendant the benefit of them, when asked as a favor, until he purged himself of his contempt.
 
 (Ellingwood
 
 v.
 
 Stevenson,
 
 1 Sandf. Ch., 366;
 
 Johnson
 
 v.
 
 Pinney,
 
 1 Paige, 646;
 
 Rogers
 
 v.
 
 Patterson,
 
 4 Paige, 450;
 
 Evans
 
 v.
 
 Van Hale,
 
 Clarke, 17.) But it is to be observed that in these cases, it is stated that the rule that one in contempt will not be heard, applies only to matters of favor, and that though adjudged to be in contempt, the party will be heard on matters of strict right. And it is held that a party is entitled to be heard, if his object is to get rid of the order, or other proceedings, which placed him in contempt.
 
 (Morrison
 
 v.
 
 Morrison,
 
 5 Hare, 590; 30 Eng. Ch. Rep., 589, note 2.) And see
 
 Chuck
 
 v.
 
 Cremer
 
 (Cooper’s Cases, Temp. Cott. Ch., 205), where are collected, in the notes, many cases upon this subject. The conclusion to be drawn from them is this: That a party in contempt, and until he is purged of it, will not be permitted to ask for the favor of the court, nor to take any aggressive proceedings against his adversary; but that it is his right to take measures to protect himself, and to make any motion designed to show that the order adjudging him in contempt was erroneous. He may move to discharge the order though in contempt for not obeying it. For as is said, in
 
 Odell
 
 v.
 
 Hart
 
 (1 Moll., 492), “ if a man were disabled from1 applying to the court to set aside an order declaring him in contempt,
 
 *50
 
 it would lead to this: That one ordered to do an act by a given day, should do it first, and then come to set it right afterward.” And as is said in
 
 Barker
 
 v.
 
 Dawson
 
 (1 Cooper,
 
 supra),
 
 an extension of the rule so as to prevent a motion to set aside an irregular order, made subsequent to the contempt, would place the party in contempt too much at the mercy of his adversary. And we may add that he would be placed too much at the mercy of the court, if a Special Term can make an order that an act be done in a short space of time, and the act not being done, may declare the party in contempt for not doing it, and as punishment therefor may perpetually ' restrain him from appealing from the order directing the act. The party would be shut up to a round of orders by the same tribunal without means of escape. We should not expect so to.find the law. We do not find it so. We have seen that the party may move to set aside or discharge the order; and he may also appeal from it.
 
 Stone
 
 v.
 
 Byrne
 
 (5 Brown’s Cases in Parliament, 209), arose in the Exchequer Court in Ireland. One Teates, who was not originally a party, was in the progress of the action declared in contempt and actually committéd. An appeal was had by other parties from the decree made in the action, and by Teates, who was still in custody, from the order declaring him in contempt. His appeal was entertained in the appellate court, and he was discharged from the contempt complained of. It is true that it was not urged against the hearing of the appeal, that the party was in contempt and should not' be heard. But the appeal was entertained in face of contest on other points, as was the case also in
 
 The People
 
 v.
 
 Sturtevant (supra).
 
 And if a party may move to set aside or discharge the order as erroneous, to rid himself of contempt, he may, it must follow, take any other •course which the law allows to a party to establish that it is erroneous; and an appeal from it, and a review of it in an appellate court, is such other course.
 

 It is to be observed however, that in the cases cited, the disability to be heard in court was not a punishment inflicted ■¡upon the party in contempt, by the express terms of any
 
 *51
 
 order or decree adjudging Mm in contempt. Being in contempt, he came before the court on motion or otherwise, and was met by an objection from his adversary, that for that reason he couM not be heard. In the case in hand, the disability to proceed on his appeal is a punishment inflicted aflirmatively and directly by order. But the Special Term got no right to inflict such punishment from the statute law. That provides for fine and imprisonment. If the Special Term had the ability to impose such punishment as it has, it found it in its inherent power as a court of equitable powers and jurisdiction. But as such, it could take no greater power than the settled practice of the court has established as belonging to it. And it will be seen from the cases cited, that the court has not exercised the power of preventing the party from moving to rid himself of the contempt adjudged by showing that the order was erroneously granted. It may be doubted whether the proper method of exercising this power of the court to secure obedience to its orders, is to impose in terms, and in advance of the asking the action of the court, a denial thereof. The practice seems to have been, when the party was in contempt to meet him with that fact, on his attempting to move in the action in any respect in which the court was wont to withhold its aid from a party thus placed.
 

 It follows that the Special Term had no power to stay the defendant in his proceedings by appeal, to show that the order which he did not obey was erroneous. The orders of the courts below, so far as they direct a stay of the proceedings by appeal or otherwise of the appellant to rid himself of the contempt alleged, must be reversed. The appeal from so much of the order as directs the striking out of the answer, and the reference to take proof etc., must be dismissed, with costs to neither party.
 

 All concur.
 

 Ordered accordingly.
 

 *
 

 It was not intended to positively pass upon- the power of the court below to grant temporary alimony in this case, or in any case in which a marriage is denied and is not yet proven. All that is here held is, that the court below having passed upon the question and made an order in a case in which it had jurisdiction of the subject-matter and of the person, and made an order, it is contempt of court not to obey it as long as it is in force. The question of the power of the court below is more fully considered in
 
 Griffin
 
 v.
 
 Griffin, post
 
 134.—[F.