Akdrews, J.
The order of the Special Term, which was affirmed by the General Term, was made before judgment, and it denied the plaintiff’s motion to punish the defendants for disobedience of the previous orders of August 8th and November 9th, 1871.
Those orders were auxiliary to the main purpose of the action. The order of August eighth was an order to show cause, and it enjoined the defendants from disposing of certain bonds of the Florida Railroad Company, and of proceeds arising from the sale of bonds by Drake Brothers, as agent for "the company, until the hearing of the motion. The order of November ninth was made on the return of the order to show cause, of August eighth, and appointed a receiver pendente lite, and directed the railroad company and its agents, including the defendants Drake, to pay over to the receiver from the proceeds of the sale of bonds issued by the company, under the mortgage of May 26th, 1869, $68,000, with the condition that if they neglected to do so the temporary injunction should be continued.
*585 The existence of the lien claimed by the plaintiffs on the bonds or their proceeds had not been determined when these orders were made, and the defendants contested, on the motion made at Special Term, the question of their violation. The court may have denied the plaintiff’s motion on the ground that there had been no disobedience of these orders.
The order of August eighth, construed in connection with the complaint to which it referred, related to such bonds only as then belonged to the railroad company, and to the proceeds, in the possession of the company or its agents, derived from the sale of bonds by the corporation.
The complaint alleged that a portion of the bonds issued under the mortgage of Hay 26th, 1869, had been disposed of by the company, and that the bona fide holders of such bonds had acquired under them rights superior to the plaintiffs. It is manifest that the order of August eighth was not intended to interfere with the rights of such holders, or to enjoin sales or arrest the proceeds derived from a resale by such holders. They were not parties to the action.
The order of Hovember ninth did not adjudicate that the money in the hands of Drake Brothers, received from the sale of bonds, belonged to the company; or that the defendants had received any money belonging to the company as proceeds from the sale of bonds. The defendants by that order were directed to pay the sum named out of the proceeds from sales of bonds, with the alternative, that in case of neglect, the temporary injunction should be continued.
It was an answer to the motion to punish for contempt, that no sale of bonds had been made by or in behalf of the company from which it had derived any proceeds. This question of fact was before the Special Term upon the papers presented, and the conclusion reached will not be reviewed here.
There is another answer to this appeal. The order of the General Term is not appealable to this court. It was held in Brinkley v. Brinkley (47 N. Y., 41) that an appeal would lie from an order of the General Term, affirming an order of *586 the Special Term, adjudging a party in contempt and prescribing punishment, on the ground that it was a final order, affecting a substantial right, made in a special proceeding within the third subdivision of section 11 of the Code.
In Batterman v. Finn (40 N. Y., 340) an appeal from tbe order of the General Term, reversing an order of the Special Term, made before final judgment, adjudging a party guilty of contempt, was dismissed on the ground that a denial of an attachment for a contempt in such case did not affect a substantial right.
Subjecting a party to punishment affects a substantial right; but the refusal of the Special Term to punish a party alleged to have violated an order of the court, made in the progress of the action, unless the other party had a legal right to demand the relief granted by the order alleged to have been violated, does not affect a substantial right, and is not an order from which an appeal can be taken within section 11 of the Code.
It is unnecessary to consider the point made, that the Special Term had no jurisdiction of the motion by reason of the proceedings taken for the removal of the cause to the United States court.
The conclusion reached makes this question immaterial. The regularity of these proceedings is not the subject of review here, (Illius v. The New York and New Haven Railroad Company, 13 N. Y., 597.)
The appeal should be dismissed.
All concur.
Appeal dismissed.