By the Court.—Curtis, Ch. J.
—Thomas J. Barr, the receiver in this action, appeals from an order adjudging him in contempt, for refusing to obey an order of the court, requiring him to pay out of the property, or its proceeds, that, he holds as receiver, a sum suffi *127 eient to discharge the lien of the respondent, Greorge IS". Titus, thereon, and imposing a fine upon him to indemnify the respondent.
The appellant claims that the court had no power to impose a fine for his disobedience to the order requiring him, as receiver, to pay out of the property, estate and effects, by him so held, or the proceeds thereof, the amount for which it was adjudged the respondent had a lien thereon. It is urged that the court, by sections 4 and 5, 2 R. 8. 534, concerning contempts, is restricted, in a case of this nature, to issuing a precept to commit the person thus disobeying, as for a refusal to pay costs, or any other sum of money, so that when committed he may avail himself of the liberties of the jail, and of the statutes respecting assignments by imprisoned debtors.
It may be doubted if the legislature intended to limit the jurisdiction of the courts, when seeking to compel a delinquent officer to deliver over or account for property, or the proceeds of property, coming into his custody temporarily and solely in his official capacity, to confinement within the liberties of the jail, until he should make an assignment for the benefit of his creditors. I can see no reason for holding that the ancient and summary jurisdiction of the courts, in such contingencies, has been restricted to such a feeble and ineffectual remedy. The eighth subdivision of the first section (2 R. 8. 533), of the statute declaring the power of the court in certain cases to punish for contempt, extends this power to all other cases where attachments and proceedings, as for contempts, have been usually adopted and practised, in courts of record, to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party. In the learned opinion of the court, Cower, J., in The People v. Nevins (1 Hill, 169), a proceeding to compel an attorney to pay over moneys, it is stated that this *128 statute nowhere forbids the court to proceed in the former common law mode ; but merely provides that it may commit in a particular form short of that.
But the order itself is simply one requiring the appellant, as receiver, to perform an act in respect to the property, or the proceeds of it, that he holds as receiver, and for the discharge of a certain lien thereon, and his disobedience of such order is not one of the class of contempts for the non-payment of costs, or any other sum of money, contemplated by section four of the statute above cited. The proceeding under the twentieth and twenty-first of the succeeding sections, by which the appellant was convicted of a contempt, and fined for refusing to perform the acts required of him as a receiver, was within the power and jurisdiction of the court.
The appellant alleges that there was no proof before the court, that a certified copy of the order, requiring the payment of the money in question, was ever served upon him, or that it ever came to his knowledge, and that a copy of the demand made upon him was not served upon him, and that consequently there was an omission to serve him with a copy of all the papers upon which the motion to punish him was made.
The affidavits of the service of a certified copy of this order on him, April 19, 1877, personally, and also of a copy on his attorney, April 16, 1877, and the affidavit of the making and service of the demand on him, are clear and specific. The affidavit of the respondent is equivocating, and as far as intelligible, shows that this demand and certified order were not served upon him on May 28, 1877, nor upon him or his attorney since. His attorney makes no affidavit about it.
It was sufficient, if the appellant had reasonable notice of the application to punish him, and copies of the affidavits and papers upon which it was based. *129 The proceeding is not invalidated because some of the papers or affidavits were served previously to others. The papers were served in compliance with the order to show cause. The law does not contemplate an idle ceremony in again serving papers that have been already duly served, and which are in the possession of the accused, and are referred to in the order to show cause served on him (Albany City Bank v. Schermerhorn, 9 Paige, 375).
The affidavit of the appellants fails to establish that he was incapacitated from complying with the terms of the order, by reason of the failure of the Bowling Green Savings Bank, where he alleges he kept his funds. He states that at the time of the failure of the savings bank, there was to his credit, as receiver, the sum of $9,302.68; but he omits stating that the whole or any part thereof was lost by such failure, or was not repaid to him by the bank. Even if it was claimed that he had lost anything by the failure of that bank, there is nothing to show that it was a proper or designated depository for trust funds, or that it was even reputed to be a proper or safe one for such a deposit, or in fair credit or respectable standing. The affidavit of the appellant, as to the disposition he made of the property that passed into his custody as receiver, is too vague and unsatisfactory t'o sustain his appeal, on the ground of incapacity to comply with the order (O’Mahoney v. Belmont, 62 N. Y. 150)
The failure of the appellant to satisfy the lien of the respondent produced a loss or .injury to the amount of that lien, and the same was clearly shown before the judge, who imposed the fine to indemnify the respondent for such loss, in accordance with section 21 of the statute above referred to.
If the order, which the appellant elected to disobey, was erroneous, he could have appealed from it. He chose not to pursue that course, and now urges that *130 its merits are properly inquirable into on the appeal from the order adjudging him in contempt, citing Brinkley v. Brinkley (47 N. Y. 50).
The court, in originally transferring the possession of the property in the custody of the receiver to the assignee in bankruptcy, had and exercised its equitable jurisdiction in protecting a pre-existing lien upon it, the justice and legality of which is shown, and should not be questioned by the appellant, who is adjudged in contempt for disobeying a subsequent proper and collateral order, made in carrying out and giving effect the original order.
His duty as receiver was to comply with the orders of the court, and it is no part of his duty, so far as they determine the liens and rights of other parties, to contest them and make such contests a pretext for not accounting for and not delivering over as directed, the property, or its proceeds, that came into his custody as receiver.
The proofs submitted do not establish the claim of the appellant, that the order requires the payment of $100 more than is due. The adjudication is, in effect, that the lien of the respondent, after deducting $100 from the aggregate of the several amounts reported in his favor is $5,237.80, not $5,137.80, as claimed by the appellant.
The order appealed from should be affirmed.
Van Vorst and Freedman, JJ., concurred.