EMMA STROBRIDGE, APPELLANT, v. GEORGE M. STRO-BRIDGE, RESPONDENT.

*A defendant who fails to pay over to the plaintiff money to enable her to carry on a suit for divorce, as ordered, is liable to arrest—his inability to pay it is no defense to an application for his commitment—2 R. S., 538, § 20, is only applicable to those actually imprisoned.*

Where a defendant, in an action brought against him by his wife, for a limited divorce, fails to comply with the terms of an order, requiring him to pay a certain sum of money to her attorney to meet the expenses of the suit, he is guilty of a contempt for which the court may issue a precept committing him to jail.

Upon the return of an order, requiring the defendant to show cause why he should not be committed for failing to comply with the terms of such an order, he cannot show, in opposition to the motion, that his pecuniary circumstances are such as to render him unable to pay the moneys thereby required to be paid.

An application, under 2 R. S., 538, § 20, for relief, on the ground of the applicant's inability to comply with the requirements of the order, must be made to the court, upon notice to the adverse party.

*Semble*, that the remedy afforded by the said section was intended for those only who are actually imprisoned. (Per SMITH, J.)

APPEAL from an order made at the Onondaga Special Term, denying a motion for an order directing a precept to issue to commit the defendant to jail for his refusal to comply with certain orders of the court previously made in this action, requiring him to pay to the plaintiff's attorney the sum of $80, for the plaintiff's expenses in prosecuting this suit. The defendant is the husband of the plaintiff, and the action was brought to obtain a limited divorce.

*Martin & Knapp* and *Edwin Nottingham*, for the appellant.

*Randall & Randall*, for the respondent.

SMITH, J.:

The plaintiff's motion was denied by the Special Term, principally upon the ground that the court has not power to imprison the defendant for his non-compliance with the orders requiring him to pay a certain sum of money to the attorney of the plaintiff, to meet the expenses of her suit. The power has been exercised so frequently, that it is somewhat surprising to find it questioned, and we think an examination of the statutes and adjudged cases bearing upon the question will show that the existence of the power cannot be denied.

The view of the matter which prevailed at the Special Term was this: Section 1 (2 R. S., 534) provides that " Every court of record shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct, by which the rights or remedies of a party in a cause or matter depending in such court may be defeated, impaired, impeded or prejudiced in the following cases;" . . . (Sub. 3.) " Parties to suits, attorneys, counselors, solicitors and all other persons, for the non-payment of any sum of money ordered by such court to be paid, in cases where by law *execution cannot be awarded* for the collection of such sum; and for any other disobedience to any lawful order, decree or process of such court." In 1840, an act was passed, entitled " An act concerning costs and fees in courts of law and for other purposes" (Laws of 1840, ch. 386), the fifteenth section of which provided, among other things, that " where the order for the payment of costs, or any sum of money, upon special motion, is not conditional, a precept to enforce payment of such costs, or sum of money, may be issued without any demand or application to the court." The construction adopted at special term was that the precept thus provided for is an execution against property, and not a body execution, as otherwise a party might be imprisoned for a contempt without an opportunity being given him to show cause. And hence the conclusion was reached that the fifteenth section of the act of 1840, had the effect to take the case of an order for the payment of a sum of money,

made on special motion, out of the operation of section 1 above cited, and also to abrogate section 4 of the same title, which provides for a precept to imprison a party disobeying an order for the payment of money.

We do not think the conclusion can be maintained for several reasons.

· 1. It seems clear that by section 303 of the Code of Procedure, which repealed "all statutes establishing or regulating the costs or fees of attorneys, solicitors, and counsel in civil actions," the provisions of the act of 1840, above referred to, relating to costs, including section 15, were swept away. Section 303 is yet in force. (See also § 315 of the Code.)

2. Section 15, as we understand it, had no application to the Court of Chancery, which was then in existence. By its terms, it related exclusively to courts of law, and the subsequent abolition of the Court of Chancery, and vesting of its power in the Supreme Court, did not enlarge the scope of the section, or extend it to orders thereafter made by the Supreme Court in purely equitable actions. And it merely exempted parties from imprisonment for non-payment of interlocutory costs, leaving the provision concerning the payment of money, other than costs, untouched. (*Ford* v. *Ford*, 41 How. Pr., 169.)

3. We incline to the opinion that the term "execution," contained in the third subdivision of section 1, is there used in its technical sense, referring to the process provided by law, for enforcing a *final judgment*, as distinguished from an order, and that the practice in regard to enforcing an order for the payment of a sum of money is regulated by section 4 of the same title. (See *Matter of Watson* v. *Nelson*, 69 N. Y., 536, per RAPALLO, J., 544.)

4. Chapter 390 of the Laws of 1847 provided that "No person shall be imprisoned for the non-payment of interlocutory costs, or for contempt of court in not paying costs, except attorneys, solicitors and counselors and officers of court, when ordered to pay costs for misconduct as such, and witnesses when ordered to pay costs on attachment for non-attendance." (§ 2.) "Process in the nature of a *fieri facias* against personal property may be issued for

the collection of such costs founded on such order of court." (§ 3.) The act of 1847 was repealed before this action was commenced (Laws of 1877, ch. 417, § 1, subd. 21), so that it does not affect the case, but its enactment throws light on the construction of the act of 1840. If that act had the effect ascribed to it by the Special Term, the provision of the act of 1847, that no person should be imprisoned for non-payment of costs, was useless and idle. Again, it has been held that the exception in section 2 of the act of 1847 left the Revised Statutes in full force in the excepted cases (*In the Matter of Kelly*, 3 Hun, 636; *S. C.*, affirmed, 62 N. Y., 198), a position inconsistent with the idea that the Revised Statutes had been abrogated by the act of 1840.

5. The exception in the Revised Statutes as to cases in which *execution may issue*, has been in force nearly half a century, and is contained in section 14 of the Code of Civil Procedure (subd. 3), which has superseded section 1, yet no reported case has been cited, and we are not aware of any in which it has been held that the court has not power to imprison for contempt in a case like the one before us. *Lansing* v. *Lansing* (4 Lans. 377), cited at Special Term, holds merely that a *final* judgment for alimony is a judgment for money, and hence can be enforced by execution, and not by proceedings as for contempt. The decision does not touch the point in this case, and its correctness is questionable. The extending of the use of the writ of execution to courts of equity did not deprive them of any remedy previously employed for the enforcement of their decrees. (*Brockway* v. *Copp*, 2 Paige, 578.) In the Lansing case, LEARNED, J., dissented. See his comments on that case, in *Park* v. *Park* (18 Hun, 468). There are numerous cases in which the power in question has been exercised, or has been assumed to exist, since 1840. Among them are *Brinkley* v. *Brinkley*, 47 N. Y., 48; and *People* v. *Campbell*, 40 Id., 133. See also 6 Wait's Pr., 139; *In the Matter of Clark*, 10 N. Y. W. Dig., 27; and the case of *Allen* v. *Allen*, there referred to. Our conclusion is that the Special Term erred in holding that the power does not exist.

The Special Term also permitted the defendant, against the plaintiff's objection, to read affidavits in opposition to the motion, to the

effect that his pecuniary circumstances were such that he was unable to comply with the orders for want of means to pay the sum therein directed to be paid. And it appears, from the opinion of the judge who presided at the term, that he held that the affidavits so read showed that the defendant was " unable to comply with the orders, and by reason of such inability he should not be convicted for contempt." Section 20 of the title of the Revised Statutes above referred to (2 R. S., 538, as amended by ch. 9 of 1843) provides that the court ordering the imprisonment, "may, in their discretion (in cases of inability to perform the requirements imposed), relieve the person or persons *so imprisoned* in such manner and upon such terms as they shall deem just and proper." This seems to import that the remedy is intended for those only who are actually imprisoned. An opinion to the contrary was expressed by LEARNED, J., in *Park* v. *Park* (*supra*). But, however that may be, it is clear that the relief can only be obtained upon an application to the court for that purpose. And notice must be given to the opposite party to enable such party to oppose the application. Here, no notice was given; but the defendant, on being brought in to show cause why he should not be imprisoned, as for a contempt, was allowed, against the objection of the plaintiff, to turn her motion against herself, and to be relieved from imprisonment, not upon terms merely, but absolutely (for no leave was given to the plaintiff to renew the motion), and that too, upon affidavits which the plaintiff had not seen before the motion was brought on, and which, of course, she had no opportunity to answer. If any defense whatever was open to the defendant on the motion, it was to show, if he could, that he had obeyed the orders. If he had not done so he was guilty of a contempt, and the plaintiff was entitled to the relief which she asked for. The defendant certainly could not be heard to allege his lack of means as a defense to the motion, a point that was presumptively litigated and adjudicated against him, upon the application for the order requiring him to pay to the plaintiff's attorney money to carry on her suit.

The order of the Special Term should be reversed, with $10 costs of the appeal, and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.