In the Matter of MAX STEINERT, an Attorney, Appellant.

*Failure of an attorney to pay over money to his client — proceedings to commit him for contempt — the court may shorten the time prescribed by Rule 30 — The escape of the attorney does not prevent him from moving to vacate an attachment because of irregularities.*

Where upon the return of an order requiring an attorney to show cause why he should not be punished, as for a contempt, because of his failure to pay over to his client moneys collected for him, a reference is ordered, the court may, upon the coming in of the report, appoint a day for the hearing thereon, and direct that an attachment issue against the attorney, returnable upon the day of the hearing for the purpose of securing his presence thereon.

The court may direct the hearing to be had within a shorter period than that prescribed by General Rule No. 30.

The fact that the attorney has evaded the service of the attachment and other papers, and neglected to appear on the return day, will not authorize the court to refuse to entertain a motion made by his counsel to set aside the order directing the attachment to issue, on the ground of alleged irregularities in the proceedings.

Appeal from two orders made at Special Term denying motions to set aside two orders previously made in this matter.

*L. C. Waehner*, for the appellant.

*W. C. Clifford & Henry Bischoff, Jr.*, for John Simmermeyer, the respondent.

Davis, P. J.:

This was a proceeding against the appellant, an attorney of this court, for alleged misconduct in not paying over moneys which he had collected for his client and for improperly withholding the same.

An application was made for an order, upon affidavits, that the attorney show cause why he should not be punished as for a contempt in not paying over such moneys. Upon the return day of the order to show cause the attorney came in by his counsel and filed a number of affidavits, denying in all respects the allegations upon which the order was obtained. The court thereupon, after

hearing counsel, ordered a reference to the Hon. Joseph S. Bosworth to take proof of the facts and report the same with his opinion, to the court.

The parties appeared before the referee and proofs were taken at very considerable length, which he reported with his opinion; the latter finding substantially all the charges against the attorney to have been proved, and in substance, that he had been guilty of several criminal offenses in his efforts to retain the moneys collected by him.

Upon the coming in of this report, application founded thereon was made to the court that an attachment issue against the attorney, returnable at a future day set down for the hearing of said report for the purpose of securing his presence to abide the order of the court, and an order to show cause was also made why the hearing should not be had upon the return day of said attachment, and such order made in the premises as to the court should seem proper. These papers were served on the attorney and counsel who appeared for the appellant, and efforts were made to serve the same upon the appellant, but without success.

Upon the day named in the order for the hearing, the counsel for the respondent appeared, and no one appearing to oppose an order was made by the court confirming the referee's report, and upon ascertaining the actual loss and injury to the respondent by the misconduct of the attorney, the court made an order to the effect that he be fined the amount of such loss and injury, and that he be committed to jail until the same be paid. An attachment was issued upon the order, but the appellant could not be found; the sheriff's affidavit on that subject showing his efforts to find him, and in substance, that he had absconded from the State.

Separate motions were made to set aside the order granting the interlocutory attachment and the order upon the final hearing of the motion, upon the ground of alleged irregularities. These motions were both denied by the court. From the opinion given by the judge it would seem that they were both denied upon the ground that the appellant was in contempt for having evaded the process of the court and escaped beyond its jurisdiction.

The reason assigned by the learned judge in his opinion was not a sufficient one to justify the denial of the motions. They were

not applications for favor, but were motions made for alleged irregularities in granting the orders. Both of the orders were based on the alleged contempt of the defendant, and his motions were made to set them aside as improperly made because of irregularities. The true rule in such a case as this, is laid down in *Brinkley* v. *Brinkley* (47 N. Y., 49), to the effect "that a party in contempt, and until he is purged of it, will not be permitted to ask for the favor of the court, nor to take any aggressive proceedings against his adversary, but that it is his right to take measures to protect himself, and to make any motion designed to show that the order adjudging him in contempt was erroneous. He may move to discharge the order, though in contempt for not obeying it."

In *Odell* v. *Hart* (1 Molloy, 492), which is one of the cases cited by the court in *Brinkley* v. *Brinkley*, it was held that "a party in contempt may move by counsel to set aside the order against him, by which he is declared to be in contempt, for irregularity in that order, without coming *in vinculis*, but for no other purpose without submitting himself to custody." In several cases in which this court has lately had occasion to pass upon the question the same rule was laid down.

But it does not follow that the orders now appealed from should be reversed because they were made upon erroneous grounds, unless it appears that the motions should have been granted for the alleged irregularities. We have looked into the papers and are satisfied that no irregularity which is now of any serious prejudice to the defendant was committed. The first order sought to be set aside was an interlocutory one granting an attachment because the court upon examination of the report of the referee and his opinion, considered the case to be one requiring that process, in order to secure the presence of the appellant in the future proceedings. We do not think the court was wrong in exercising its power over the attorney in that manner. An attachment could have been issued originally under the statute (2 R. S. [Edmonds' ed.], 554, § 5). That statute permits proceedings to be instituted either by an order to show cause, or by the issue of an attachment to arrest and bring the party charged with contempt before the court to answer for his misconduct. In cases of this kind the usual course is to proceed with the order to show

cause; and that is the better course. After that method of procedure has been taken, and the proofs are before the court, and they disclose such criminal misconduct that the court has good reason to believe that the party against whom the proceedings were taken will evade justice and render nugatory the orders of the court by escaping from its jurisdiction, we see no good reason why the court may not then and upon that state of facts issue its warrant of attachment to compel the party to be present and submit to its orders.

But if that practice be not correct, and if the order of attachment was irregular, it nevertheless has ceased to be of any materiality in the case. The appellant, when arrested thereon, gave bail in accordance with its requirements, and then fled from the jurisdiction of the court. The subsequent proceedings which were regularly taken resulted in the final order, and may be said to have merged the interlocutory attachment, so that it is no longer of any importance whatever in the case; whether set aside or not is a matter of entire indifference, so far as it affects the appellant, and an order setting it aside would be of no practical value to him.

There was, in our opinion, no irregularity in the proceedings which resulted in the final order adjudging him in contempt, and imposing a fine upon him and committing him until it be paid. The order to show cause was duly served on his attorney; and it appears that the appellant himself could not be found to make personal service. The court undoubtedly had the power to make an order shortening the time of hearing in this matter, because the case was not one coming under Rule 30 of the general rules, and it was not necessary to delay for any time for the filing of exceptions, as provided for in that rule. The testimony coming in together with the opinion of the referee thereon, was not taken in an action, or in any such special proceeding as called for such exceptions, but on a mere motion pending at chambers, to be heard on such testimony and opinion, in connection with the affidavits which had already been filed. It was, therefore, to be heard like other motions made in that branch of the court, and was subject only to the review given on appeals from orders thus made. Every objection that the appellant was entitled to make to such testimony and opinion and affidavits was to be urged orally upon the argument of the motion,

without his having previously filed written exceptions. It was clearly in the power of the court to make the order shortening the time for the hearing, or, rather, fixing the time for the hearing, and the appellant had all the notice to which he was entitled, and all that under the circumstances could be given him.

. We see no reason for interfering with that order on the ground of irregularity, and as the previous one granting the interlocutory attachment was merged in the second order, the appellant cannot be prejudiced in anywise by it.

We think the proper course to dispose of the appeals is to affirm the orders made in the court below, with ten dollars costs of one appeal, besides disbursements.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Orders affirmed, with ten dollars costs of one appeal and disbursements.