Wharton v. Stoutenburgh.

JOSEPH WHARTON, appellant,

*v.*

LUKE I. STOUTENBURGH, respondent,

1. When, on decree for specific performance, the defendant is in contempt for refusal to perform, the court may give it effect by establishing the contract as if it had been executed; and by enjoining and restraining the defendant from denying its execution and delivery; and from defending himself in any action by denying its execution.

2. Such substituted decree, made while the defendant is in contempt, may be without notice, but he has the right of appeal therefrom.

*Mr. P. L. Voorhees* and *Mr. J. G. Shipman*, for appellant.

*Mr. J. E. Stoutenburgh* and *Mr. H. C. Pitney*, for respondent.

On bill to enforce the specific performance of a contract to execute a mining lease, argued before Vice-Chancellor Dodd. A decree was made that the agreement be executed. A copy of the decree was served on the solicitor of the defendant, November 2d, 1881, and at the same time there was a notice served on said solicitor, calling on the defendant to appear at the vice-chancellor's chambers, in Newark, on November 14th, 1881, to sign, seal, execute and deliver the said articles of agreement.

At the time and place designated, both parties appeared by their respective solicitors, and the solicitor of the defendant represented that an appeal had been taken from the decree to the court of errors and appeals. An order was thereupon made that no further proceedings should be had under said notice pending the appeal. The court of errors and appeals having in all things affirmed the decree, notice was given again for the defendant to appear before the vice-chancellor, on July 24th, 1882, to execute and deliver the lease in accordance with the decree. At the time and place named in the notice, the complainant and his solicitor attended for the purpose of executing the agreement; but the defendant failed and refused to attend, in contempt of the decree of the court. Whereupon, it was decreed by the chancellor, on August 4th, 1882, "that the said Joseph Wharton, the defendant, is bound by all and singular the covenants, clauses, provisos and conditions whatsoever, mentioned and contained in the above-named articles of agreement of lease; and that at all times, and in all places whatsoever, and in all the courts of this state and elsewhere, and for all purposes whatsoever, the above-mentioned articles of agreement shall be taken, considered, recognized, construed and enforced in the same manner, and to the same extent, and with like effect in every respect and particular, as if they were and had been actually signed, sealed, executed and acknowledged by the said defendant, Joseph Wharton, and the said complainant, respectively. And the said defendant, Joseph Wharton, is hereby perpetually enjoined and restrained from ever, at any time, or under any circumstances, or for any purpose, denying that he has duly signed, sealed and delivered the same, and from defending himself in any action in any court of law hereafter to be brought against him therein, on the ground that the said articles of agreement of lease have not been actually signed, sealed and delivered by him."

From this decree an appeal has also been taken.

The facts of the case appear in the opinions delivered in each court, and reported in *Wharton* v. *Stoutenburgh, 8 Stew. Eq.* 266.

The opinion of the court was delivered by

SCUDDER, J.

Beyond the recital in this last decree that the defendant is in contempt of the decree of that court, there have been no proceedings to adjudge him guilty of such contempt and punish him for it. The reason for such forbearance is that he is not a resident of this state so that he may be attached by his body; nor has he any property within the reach of the process of the court that may be sequestered.

The complainant is the owner of the leased land in Morris county, and the defendant, who agreed to lease it, resides in the state of Pennsylvania. The only relief which could be given by the court was therefore a substituted decree or order supplementing the former decree, with such relief as it was designed to give, which had been frustrated by the contumacy of the defendant in refusing to attend and execute the lease, and keeping beyond the reach of the court. Direct relief being made ineffective by his act, indirect relief was afforded, first by establishing the lease as if it had been executed, and next by enjoining and restraining him from denying its execution and delivery, and from defending himself in any action to be brought against him by denying its due execution. The former part of this substituted decree may well be justified by the general maxim that equity looks upon that as done which ought to have been done, which means that equity will treat the subject-matter, as to collateral consequences and incidents, in the same manner as if the final acts contemplated by the parties had been executed exactly as they ought to have been. *1 Story's Eq.* § *64 g.* Having ascertained the agreement between the parties exactly as it should have been executed when the defendant refused to obey its decree, the court ordered that though, in fact, it is not done, yet in effect and in good conscience it shall be regarded as executed by the parties as it was originally intended. This is the specific relief that it is in the power of the court to give, under the circumstances, and accords with the former decree for the formal execution of the lease.

The latter part of the decree, enjoining and restraining the

defendant from denying its execution in any court of law, is a corollary to the former part, by which equitable control is taken for its enforcement, and it is within the restraining power of a court of equity, which will give effect to its decrees when the attempt is made to interfere with them in any court of co-ordinate jurisdiction.

The objection that the decree complained of was made without notice to the defendant is not maintainable. He was in contempt of the court, and voluntarily beyond its jurisdiction. Notice given to him to appear and execute its decree had been disregarded. Why should the court further seek him, when, by orderly, equitable methods, it was executing its own decree and giving the complainant the relief to which he had been shown, in the judgment of the court, to be entitled? It was not a new proceeding, but followed the former decree as consequently as process of execution in the ordinary course of procedure in a suit in equity, without showing special cause other than appeared in the case. Its decree had been contemned, and of its own motion, without notice, it could enforce it, within its equitable power, by subsequent proceedings in the nature of equivalent and substituted relief. If a court has power, when and while a defendant in an equity action is in contempt for disobeying its order, to refuse to hear him, as was held in *Walker* v. *Walker, 82 N. Y. 260;* *Brinkley* v. *Brinkley, 47 N. Y. 40,* and in many other cases, it will not require notice to be served on him to appear and be heard when it is proceeding regularly to enforce its decree against him.

The court refused to dismiss the appeal, because the decree was final, affecting the defendant's substantial right, and by which he was "aggrieved" within the meaning of the statute; but having heard the appeal, we are satisfied that the decree is right and should be affirmed.

*Decree unanimously affirmed.*