The judgment appealed from must be affirmed, with costs.

All the judges concurred.

Judgments affirmed, with costs.

---

# NEW YORK & NEW HAVEN RAILROAD COMPANY
## v. KETCHUM.

### September, 1866.

A preliminary order made before judgment, requiring a party to do certain acts or that an attachment issue for contempt, is not appealable to this court.*

This action was brought, in the supreme court, by the New Haven R. R. Co., against Morris Ketchum and others. The facts are stated in the opinion.

*W. Tracy*, for plaintiffs, respondents.

*E. S. Van Winkle* and *J. M. Buckingham*, for defendants, appellants.

DAVIES, Ch. J.—This notable action is finally reduced to a litigation between the plaintiffs and the defendants, the survivors of the firm of Ketchum, Rogers and Bement. When this case was before this court and decided, in December, 1865,

---

* Compare Sudlow v. Knox, reported in this series, and approved and followed in Brinkley v. Brinkley, 47 *N. Y.* 40.

For an account of the original litigation, of which this case is only a part, see N. Y. & New Haven R. R. Co. v. Schuyler, 34 *N. Y.* 30.

it was finally disposed of as to all the parties except those now remaining upon the record. It appears, from the papers now submitted to us, that the firm of Ketchum, Rogers & Bement, not choosing to rely entirely upon their claims for damages set up in this action, growing out of their dealings with the agent of the plaintiffs, commenced an action to recover the same in the courts of the State of Connecticut. On January 30, 1855, the plaintiffs in this action obtained an injunction order therein, restraining the defendants therein, and, among others, the defendants Ketchum, Rogers & Bement, from prosecuting any suit, action or bill in equity, for or on account of the certificates of stock, or transfers of stock, or of the shares purported to be represented thereby, mentioned in the complaint in this action. On application to the supreme court at special term, upon affidavits and other papers and proceedings, for an attachment against the defendants Ketchum & Bement, for an alleged violation of said injunction order, an order was made by the said special term, on March 23, 1865, directing that, unless the said defendants should amend their proceedings in said action pending in the State of Connecticut, in the particulars specified in said order, and within the time therein mentioned, an attachment issue against said Ketchum & Bement for a violation of said injunction order. The plaintiffs appealed from that order to the general term of the supreme court, which affirmed the same by an order entered on June 24, 1865. The plaintiffs, on notice, applied to the same general term that said order, entered on said appeal, be vacated, or that the same be resettled, or that the same be reargued. Upon hearing said motion, the general term, on January 2, 1866, made an order that the order entered on June 24, 1865, be vacated, and that the order of the special term appealed from be reversed, and that, unless the defendants do the things particularly mentioned in said last mentioned order, within the time therein specified, an attachment issue against the said defendants Ketchum & Bement, and that they pay ten dollars, the costs of the motion. From this order the defendants have appealed to this court.

A brief reference to the provisions of the Code will clearly show that this order is not reviewable in this court. Subdivi-

sions 2 and 3 of section 11 of the Code define the orders which are applicable to this court:

1. An order, affecting a substantial right, made in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken.

2. An order which grants or refuses a new trial.

3. A final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment.

This enumeration embraces all the orders appealable or reviewable in this court, except that, in an appeal from a judgment, as mentioned in subdivision 1, this court is authorized to review *any* intermediate order involving the merits and necessarily affecting the judgment. It is unnecessary to inquire whether the new order now appealed from is of the character described in this subdivision, as this appeal is not from a *judgment*, but from an order. We will inquire whether this order falls within either of the three classes above enumerated.

1. It clearly is not an order which in effect determines the action, and it in no sense prevents a judgment being entered in the action.

2. It is equally clear, that it is not an order which grants or refuses a new trial.

3. It cannot with any propriety be claimed to be a final order affecting a substantial right in a special proceeding. The order is made in the action, and not in a special proceeding, and, although it may affect a substantial right, yet it is not a final order. It is but a preliminary order to punish a party guilty of an alleged contempt; and, upon the subsequent proceedings, it would be competent, and the party claimed to be in contempt might show that he was not guilty of the offense. Nor is the order one made upon a summary application in an action after judgment. Judgment had not been obtained in this action as between these parties, at the time this order was made, and therefore it was not made on an application after judgment. As the orders of the character referred to are all which this court is authorized to review, and the order now appealed from is not one thus enumerated, it follows that this

court has no jurisdiction to sustain this appeal and to inquire into the merits of the order, at least not in the present stage of the action.

The appeal should therefore be dismissed, with costs.

All the judges concurred.

Appeal dismissed, with costs.