*In re* CROSHER.

(*Supreme Court, Special Term, New York County.* June 2, 1890.)

CONTEMPT—WARRANT OF ATTACHMENT—FINAL ORDER.

Code Civil Proc. N. Y. § 2281, provides that, "if it is determined that the accused has committed the offense charged, * * * the court, judge, or referee must make a final order accordingly, directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of attachment must issue accordingly." *Held* that, where no final order adjudging defendant guilty of contempt appears in the record, the warrant of attachment is insufficient, and defendant will be discharged on *habeas corpus.*

James Crosher was committed for contempt in supplementary proceedings, and now applies for a writ of *habeas corpus* to be discharged from custody.

*William H. Schooley,* for relator. *Myron H. Oppenheim,* for judgment creditor.

LAWRENCE, J. It appears from the returns made by the sheriff, that the petitioner was committed to his custody by virtue of a warrant attachment issued out of the city court, directed to the sheriff. It is also stated in the return that a copy of said warrant is transmitted to the court. From the writ of attachment, it appears that the sheriff is directed on May 21, 1890, to produce the body of the defendant before the said court, there to answer, as well touching the contempt which it is alleged he has committed as to all other matters as may be laid to his charge. It appears from the certificate of the clerk of the city court that no order was filed between the 14th day of May, when the order for the petitioner's examination as a judgment debtor was returnable, and the 16th day of May, which was one day after the attachment was issued. Section 2281 of the Code of Civil Procedure provides that, "if it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding brought in the court or before the judge or referee, the court, judge, or referee must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of attachment must issue accordingly." In this case, on the papers before me, no final order appears to have been made. The only warrant or mandate which I have is that directing the sheriff to have the body of the petitioner before the court on the 21st day of May, 1890. So far as the papers disclose, therefore, no final order has been made in the case. See *In re Swenarton* v. *Shupe,* 40 Hun, 42. It is too late, I think, to discuss the alleged defects in the petition upon which the *habeas* was granted, and the parties both being before the court, and both having been heard, I think it is my duty to inquire whether the petitioner is legally or illegally detained. If no final order was issued, then the prisoner is not in custody by virtue of a mandate, and he is entitled to his discharge. The counsel for the respondent, however, states in his brief that it was prepared before any return had been made by the sheriff, and that he desires to reserve his rights to traverse, or otherwise controvert, the return when one is made. That return has been made. If the respondent wishes to traverse it, I will give him an opportunity of doing so, but, unless he can show that a final order was made, I think the petitioner is entitled to his discharge.