CHARLES GREITE, Respondent, v. CHARLES HENRICKS, Appellant,
Impleaded with LEOPOLD KORNICK.

*Appeal from an order committing for contempt, conditionally — premature —
transfer of a business in contemplation of a judgment restraining it.*

It seems that an appeal from an order adjudging a person guilty of contempt
and directing his commitment to jail, unless he procures the cancellation of
certain assignments of property made by him and pays the costs of the motion,
is premature; that the final order should be awaited and the appeal taken
therefrom.

Where an action is brought for the purpose of restraining a person from carrying
on a certain business, and, pending the trial, the defendant in such action
threatens to escape the effects of an adverse decision by transferring his busi-
ness, and a day or two prior to the entry of judgment against him in such
action, he actually transfers such business and it is continued under the name
of such transferee, an order made adjudging such defendant in contempt and
directing his commitment to jail unless he procures the cancellation of his
transfer and pays the costs of the motion, is proper and should be sustained.

APPEAL by the defendant, Charles Henricks, from an order
made at the Westchester Special Term, entered in the office of the
clerk of the county of Westchester on the 9th day of January, 1893,
adjudging him guilty of contempt in violating a judgment enjoin-
ing him from carrying on the business of keeping a hotel, saloon,
boarding house and restaurant on premises situated in the city of
Mount Vernon.

It appeared at Special Term, by the affidavit of Charles Greite,
that, pending the trial of the above-entitled action brought by
Charles Greite against Charles Henricks and another to restrain said
Henricks from carrying on a saloon business, the defendant Hen-
ricks threatened to escape the effect of an adverse decision by selling
the business to one Patrick Carroll. On the 5th day of November,
1892, the court made its decision in the action and the same was
filed.

Judgment in favor of the plaintiff was entered in the action in
the office of the clerk of the county of Westchester on the 19th day
of November, 1892, enjoining and restraining the defendant, his
attendants, servants and employees from in any manner carrying on
or engaging in any hotel, inn-keeping, saloon, restaurant or boarding-
house business upon the premises aforesaid, or within one-half mile

of the said premises, at any time within five years from January 15, 1891, or from leasing said premises, or any part thereof, for the purpose aforesaid, or from assigning his excise license, or in any manner, directly or indirectly, aiding or assisting any other persons in carrying on or engaging in said business on said premises, or any part thereof, during said period; and on the 22d day of November, 1892, such judgment and decree was personally served on the defendant, Charles Henricks, in the city of Mount Vernon.

In the affidavit of Patrick Carroll, it was alleged that on the 14th day of November, 1892, the defendant Henricks sold the hotel business in question for $7,500 to said Carroll.

It also appeared that Henricks executed a transfer of his excise license to said Carroll, and that since the 15th day of November, 1892, the said Carroll has been in possession of said premises.

*David Swits*, for the appellant.

*Martin J. Keogh*, for the respondent.

BARNARD, P. J.:

A judgment was obtained by the plaintiff against the defendant, Charles Henricks, on the 19th of November, 1892, restraining him from carrying on a saloon business. The case was tried in October, 1892, and the decision was filed on the 5th of November, 1892. Pending the trial, the defendant Henricks threatened to evade an adverse decision, that he would sell to one Carroll the business and that it should not be shut up no matter what the court decided. A day or two before the entry of judgment he did sell the business to Carroll and it continued under Carroll's name thereafter. Henricks owned the title to the real estate and had covenanted that he would not carry on a saloon business within a half mile of the same for five years from January 1, 1891. The covenant he had received a large price for, and his violation of it caused a large loss to the plaintiff who was carrying on a similar business on premises adjoining. The covenant had been given upon a sale of the business on the defendant's premises, but he had forced the plaintiff to lease the "adjoining premises" in gross violation of the spirit of the covenant. The court adjudged that he was guilty of contempt and directed his commitment to jail

unless he undid his transfer with Carroll and pay the costs of the motion. The appeal is from this order, and it seems that the appeal is premature. The final order should be awaited and an appeal taken from that. (*Brinkley* v. *Brinkley*, 47 N. Y. 40 ; Code, § 2281 ; *Matter of Crosher*, 11 N. Y. Supp. 504.)

If the appeal is proper the order should be sustained. It is true that the formal service of the judgment was not made until after the transfer to Carroll ; but this transfer was made upon the avowed purpose of rendering the judgment idle. He actively interfered to make a judgment of the court nugatory, and, therefore, was guilty of a contempt. (*King* v. *Barnes*, 113 N. Y. 476.)

The forbidden acts were continued after the service of the order. The order should be affirmed, with costs and disbursements.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.