(164 App. Div. 794)

### MAHONEY v. SUTPHIN.

(Supreme Court, Appellate Division, Second Department. November 20, 1914.)

CONTEMPT (§ 66*)—FAILURE TO OBEY ORDERS—APPEALABLE ORDERS—ORDER TO SHOW CAUSE.

    An order that a person be brought up to answer for her failure to obey other orders of the court is not appealable before the judge has passed upon her case.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237; Dec. Dig. § 66.*]

Appeal from Nassau County Court.

Action by Emma L. Mahoney against Grace V. Sutphin. From an order requiring defendant to answer for her disobedience to certain other orders, defendant appeals. Order affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

William T. McCoun, of Hicksville (George B. Stoddart, of Mineola, on the brief), for appellant.

George B. Hayes, of New York City (Julius Davison, of New York City, on the brief), for respondent.

JENKS, P. J. I think that the order is appealable in so far as we may consider the power of the County Court judge to make an order of this character. People ex rel. Platt v. Canvassers, 74 Hun, 179–188, 26 N. Y. Supp. 345. I think that he had such power. Section 757, Judiciary Law (Consol. Laws, c. 30). But the order in question is not final, in the sense that it determines anything. It but requires that the appellant be brought up to answer for her failure to obey certain orders of the court and to be further dealt with according to law. She is called upon for explanation. She may satisfy the court; she may convince the court that her attitude was entirely legal. I think, therefore, that the appeal, save in the respect indicated, is premature. See, as to the general principle, N. Y. & N. H. R. Co. v. Ketchum, *42 N. Y. 24, cited in Brinkley v. Brinkley, 47 N. Y. 44, and to be read with section 1342 of the Code of Civil Procedure; Greite v.

---

Henricks, 71 Hun, 7, 24 N. Y. Supp. 546; Siegel v. Solomon (Sup.) 92 N. Y. Supp. 238; Field v. White, 102 App. Div. 365, 92 N. Y. Supp. 848.

The order should be affirmed, with $10 costs and disbursements. All concur.