(172 App. Div. 784)

### BARTHOLOMAY BREWERY CO. v. O'BRIEN et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1916.)

CONTEMPT ⬤═20—ACTS IMPAIRING RIGHTS OF PARTY.

Where attorney for defendants, being informed of a forthcoming adverse judgment, procured defendants to execute a lease, rendering such judgment of little value, he was guilty of contempt, under section 753, Judiciary Law (Consol. Laws, c. 30), providing that a court of record may punish disobedience of a lawful mandate, or any unlawful interference with its proceedings, by which a right or remedy of a party to a civil action is impaired.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62; Dec. Dig. ⬤═20.]

Lambert and De Angelis, JJ., dissenting.

Appeal from Special Term, Monroe County.

Action by the Bartholomay Brewery Company against Dennis J. O'Brien and another. From an order adjudging Hugh J. O'Brien, attorney for defendants, to be in contempt, he appeals. Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Hugh J. O'Brien, of Rochester, in pro. per.
Clarence P. Moser, of Rochester, for respondent.

MERRELL, J. This action was to establish a lien and foreclose the same upon a liquor tax certificate issued to the defendant Dennis O'Brien. The premises where traffic was to be carried on were situated at 10½ Bronson avenue, in the city of Rochester, and were owned by the defendant Carroll. Carroll leased to the plaintiff for a five-year term, and the plaintiff sublet to the defendant Dennis O'Brien, and placed the latter in charge of the traffic in liquors on said premises. The usual agreement taken by brewery companies, with a power of attorney back, was entered into in this case. It is unnecessary to mention here the force and effect of such an agreement according to the decisions of this and other appellate courts. The status of the parties under existing decisions is too well understood to be discussed at this time. Suffice it to say that the principal value of the liquor tax certificates sought to be obtained and foreclosed in this case was the right to surrender the same and to transfer the sale of liquor to other premises. Under the "ratio" provisions of the Liquor Tax Law now upon the statute books, such transfer right is of considerable value, and thereby the plaintiff was enabled to control the sale of liquor on the premises in question, or, at least, to transfer the sale to such other premises as it might desire. Such value, beyond the rebate value of the

certificate itself, was concededly, in this case, worth from $2,500 to $3,000.

The right to the possession of such certificate and the incident power to transfer the sale of liquors thereunder was practically the only security which the plaintiff had for the indebtedness of the liquor vendor, O'Brien, to it. The issues involving the right to the possession of this certificate were fought out in court, and it was only when the trial justice announced a forthcoming decision in favor of the plaintiff, awarding it the relief sought, that any move was made to defeat the purpose of such foreclosure. Having been informed of the impending judgment of the court, the appellant, Hugh J. O'Brien, as attorney for the defendants Dennis O'Brien and Thomas E. Carroll, concededly with a view of stripping the decree of the court of any substantial benefit to the plaintiff, advised a subletting of the saloon keeper O'Brien's lease to Carroll, and the application by Carroll to the liquor tax authorities for a new certificate to carry on the traffic in liquors upon said premises. For such conduct the court has adjudged the defendants and their counsel, O'Brien, to be in contempt of court. In obedience of the order adjudging the defendants in contempt, the fine imposed thereby has been paid, and the parties placed in their original position before the contemptuous action was taken, and the contempt of which the defendants were guilty was entirely purged.

The defendant Hugh J. O'Brien, however, has appealed, and now insists that the order adjudging him in contempt to have been without authority. It seems to me that the defendants were guilty of contemptuous conduct by the course which they pursued. Had this lease been sublet, and Carroll applied for a new certificate before the action was commenced, or before the outcome was announced, it is perhaps true that such action, being lawful, would not be contemptuous. But here nothing of the sort was done until the parties, who were regularly in court, were apprised of the impending judgment of said court. Then, with a view of evading and nullifying the action of the court, and rendering its judgment practically valueless, the sharp practice advised by the appellant was resorted to.

Section 753 of the Judiciary Law (Consol. Laws, c. 30), relative to civil contempts, provides that a court of record has power to punish by fine and imprisonment, or either, a neglect or violation of duty or other misconduct by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded, or prejudiced, where a party to such action, or an attorney or counselor, or other person, is guilty of any disobedience of a lawful mandate of the court, or for any other unlawful interference with the proceedings therein.

The effect of the trick which was attempted in this case, while ordinarily the procedure advised and which was taken would be lawful, was to render practically nugatory the judgment which the court announced. The surrender value of the certificate sought to be foreclosed was negligible. The real advantage, which was well understood and appreciated by the defendants, was to control the sale of liquor at said premises, and under the certificate the possession of which was

sought. The skillful argument of the appellant, to the effect that contempt of court cannot be based upon lawful action on the part of the defendants, seems to me to be entirely aside from the question before us. It is true the courts have held that there may be more than one certificate issued to the same premises, but that is not the question here. The question is whether these defendants, and particularly the appellant, have been guilty of contemptuous conduct in defeating and prejudicing the rights of the plaintiff. It matters not that the judgment establishing the lien and directing the foreclosure had not been formally entered, but merely announced by the court from the bench. As was well stated by Lord Eldon in Hern v. Tennant, 14 Ves. 136:

"If these parties, by their attendance in court, were apprised that there was an order, that is sufficient; and I cannot attend to a distinction so thin as that persons standing here until the moment the Lord Chancellor is about to pronounce the order, which from all that passed they must know will be pronounced, can, by going out of the hall at this instant, avoid all the consequences."

In King et al. v. Barnes, 113 N. Y. 476, at page 479, 21 N. E. 182, at page 183, Judge Finch, in his opinion, says, with reference to the effect of subdivision 4 of section 14 of the Code (re-enacted, Judiciary Law, § 753):

"That subdivision specifies, as constituting a contempt, the act of a person * * * who is guilty of any * * * unlawful interference with the proceedings therein. * * * So that any person who interferes with the process or control or action of the court in a pending litigation, unlawfully and without authority, is guilty of a civil contempt, if his act defeats, impairs, impedes, or prejudices the right or remedy of a party to such action or proceeding."

It was held in the case of Greite v. Henricks, 71 Hun, 11, 24 N. Y. Supp. 545, that one is guilty of contempt of court if he actively interferes to make a judgment of the court nugatory. I do not think it can be successfully asserted but that the conduct of the defendants here was such as to render the judgment of the court in this case nugatory. In the comprehensive opinion in Clay v. Waters, 178 Fed. 391, 101 C. C. A. 651, 21 Ann. Cas. 897, it is said:

"A party to a suit, who knowingly and intentionally disposes of its subject-matter with intent to withdraw from the jurisdiction of the court and to render futile any future decree concerning it, unavoidably defies the power and affronts the dignity of the court, and thereby renders himself liable to punishment for contempt."

As before stated, while the subleasing of the premises to Carroll and his subsequent application for a new certificate were in themselves lawful, yet the effect of such action, taken at a time when the decree of the court awarding the possession of the certificate to the plaintiff was about to be made and had been announced, was such as to render the effect of such decree valueless, and in advising such course the appellant manifested his contempt for the proceedings of the court, and was guilty of misconduct which defeated, impaired, impeded, and prejudiced the rights and remedies of the plaintiff with reference to the subject-matter of that action.

The remedy invoked in this proceeding was the only one left to the

respondent. The sharp practice of the defendants and appellant was resorted to at a time so near the expiration of the lease that the plaintiff was remediless to obtain any relief through an equitable action in court to restrain the acts of the defendants. The order appealed from should be affirmed.

Motion to dismiss appeal denied, with $10 costs. Order affirmed, with $10 costs and disbursements. All concur, except LAMBERT and DE ANGELIS, JJ., who dissent in an opinion by

LAMBERT, J. I dissent. The action underlying these proceedings is equitable in character and seeks the foreclosure of an equitable lien upon a certain liquor tax certificate issued to the defendant Dennis O'Brien. The rights of the plaintiff in connection with such certificate are controlled by an assignment thereof, coupled with a power of attorney, such as have become quite common since the enactment of the so-called Ratio Law (subdivision 9, § 8, Liquor Tax Law [Consol. Laws c. 34] as amended by chapter 298 of the Laws of 1911). This manner of maintaining the brewing companies' control and dominion over numerous liquor tax certificates has frequently been attacked, but the courts have reluctantly felt compelled to sustain the validity of such transactions. Ide v. Seibert, 151 App. Div. 900, 135 N. Y. Supp. 1119; Zobrest v. E. B. Brewing Co., 151 App. Div. 895, 135 N. Y. Supp. 1151; Chilcott v. B. B. & Malting Co., 149 App. Div. 931, 134 N. Y. Supp. 1128.

The premises in question are owned by the defendant Carroll, and were by him leased to the plaintiff, who in turn sublet same to the defendant Dennis O'Brien. Differences having arisen between defendant Dennis O'Brien and the plaintiff, this action was brought, as were also summary proceedings, looking to the dispossessment and removal of O'Brien from these premises. These differences were temporarily adjusted by written contract, whereby O'Brien was left in possession pending this action; the defendant Carroll guaranteeing the payment to plaintiff of O'Brien's rentals during the term of such contract. This action having been brought to trial, at the conclusion of the proof the court directed judgment of foreclosure, and decreed that the certificate in question be delivered to a referee, to be sold by him.

Prior to the entry of such judgment, but after its purport had been orally announced in court, in the presence of appellant, at the instigation and under the advice of appellant, the defendant Dennis O'Brien sold and transferred to the defendant Carroll all his right of possession under the sublease from plaintiff. Likewise under appellant's advice, Carroll then applied for and received a new liquor tax certificate, authorizing traffic at this same location. It is for instigating and advising such conduct on the part of O'Brien and Carroll, resulting in the issuance of this new certificate, that appellant has been adjudged guilty of contempt, and from that adjudication this appeal is taken.

Prior to the taking of this appeal, appellant had fully complied with the directions of the court below and stands purged of the contempt, if in fact it was such. That does not, however, deprive him of his right to appeal, nor does it leave the question, here raised, as purely

academic. Involving somewhat of opprobrium and professional criticism, as the adjudication does, appellant has the right to clarify his record by way of appeal, if the decree was not authorized.

In reaching its conclusion the court below, as appears to me, has overlooked the precise relation existing between a certificate authorizing traffic in liquors and the premises to which that certificate relates. The distinction in identity between these two was fully considered in People ex rel. Hope v. Masterman, 156 App. Div. 450, 141 N. Y. Supp. 1039, affirmed 209 N. Y. 182, 102 N. E. 553. This certificate evidences a personal right and privilege granted by the state. It is a license to the person, and the reference therein to the premises to be so used is for purposes of identification only. The license does not run to the premises, but remains a personal privilege.

This action seeks the foreclosure of a lien upon this personal privilege. Such privilege is a property right, and may be made the subject of a lien. Its distinction from the identity of the premises, when such are used for saloon purposes, is preserved by the statute, which permits the holder of the certificate to file a notice of abandonment of the premises for purposes of liquor traffic, without the consent of the owner of the real property. Hence, clearly, the owner of the real property acquires no property right in the certificate standing in the name of another, and, vice versa, the holder of the certificate does not, by virtue of his ownership thereof, acquire any interest in the real property referred to in the certificate.

With this distinction borne in mind, an examination of the complaint in this action discloses that it seeks to establish no right or restriction relating in any wise to these particular premises. It seeks the foreclosure only of a lien upon the personal right to traffic. It is, of course, true that the issuance of the new certificate for the same premises has affected the marketable value of the original certificate. Because of the provisions of the Ratio Law, plaintiff or the purchaser upon the foreclosure sale cannot file a notice of abandonment of these premises and thereby secure a transfer of that license to other premises. Such condition, however, arises wholly from facts not involved in this litigation.

The lease which plaintiff gave to Dennis O'Brien does not purport to restrict his right to sublet, further than to specify that his transferee shall take such lease charged with the equities existing in favor of plaintiff and against the defendant. Here, then, is an implied permission to O'Brien to transfer his right of occupation. Once Carroll became possessed of the right of occupation through his purchase from O'Brien, he then had standing to apply for a certificate for these premises, and the excise department could not lawfully withhold the same. People ex rel. Hope v. Masterman, supra.

It seems rather apparent that plaintiff finds itself in this position through confining its efforts wholly to the reduction of the original certificate to its possession. It had the right to abandon these premises for purposes of liquor traffic. It did not seek to do that. Perhaps the insolvency of Dennis O'Brien and his large indebtedness to plaintiff might afford grounds for injunctive relief against such a sale as was

consummated between O'Brien and Carroll. Such a course was not adopted. In any event, the inartistic framing of the Liquor Tax Law has permitted a condition where two certificates, valid upon their face, have been issued for the same premises, and the question is primarily as to which holder is entitled to the use of the premises in connection with his certificate. That question is not presented in this litigation, either directly or inferentially.

The judgment rendered, and which was forecast by the court in the presence of these parties, was one which merely brought into the possession of the plaintiff the tax certificate. In no sense has the appellant invaded, or attempted to invade, that judgment. The situation seems very similar to that where a judgment is sought to be made ineffectual by a transfer of the property of the judgment debtor for the express purpose of defeating the judgment. This latter instance has been expressly held not to amount to a contempt of the court. Dollard v. Koronsky, 67 Misc. Rep. 90, 121 N. Y. Supp. 987, affirmed in Appellate Division 133 App. Div. 896, 118 N. Y. Supp. 1103, affirmed 199 N. Y. 558, 93 N. E. 1119.

The situation is quite different from that in Greite v. Henricks, 71 Hun, 11, 24 N. Y. Supp. 545. In that case, judgment was to be pronounced restraining the defendant from transferring his saloon. In direct avoidance of such a result, and for the avowed purpose of avoiding it, the defendant did transfer his saloon. In that case there was a direct invasion of the confines of the judgment. There the judgment was rendered wholly ineffectual, within the very limits adjudged. This action sought no restraint upon the sale of the leasehold, or the issuance of another certificate to the new tenant. Hence the acts of the appellant neither invaded, defied, nor circumvented the expected decision and judgment of the court. It seems quite clear, then, that within the provisions of section 753 of the Judiciary Law there was no contempt legally established, and the trial court was without authority to make the order appealed from.

The advice of appellant involved no element of deceit, and at most went no further than a violation of a moral agreement. It was in conformity with the decisions of our courts as to the right of Carroll to a liquor tax certificate. It did not imperil in any sense the judgment of the court below, but left that judgment just as capable of execution and enforcement as though the transfer to Carroll had not been made. If equitable or legal rights of the plaintiff have suffered, it has been through its leaving the way open to produce this result by lawful means, and its remedy lies in some appropriate action, rather than in this proceeding to punish for contempt.

The order appealed from should be reversed.