C. LUDWIG BAUMANN & Co., Appellant, *v.* OLAF CHRISTENSON, Respondent.

Supreme Court, Appellate Term, Second Department, January 27, 1933.

*Benjamin J. Rabin* [*Samuel L. Scholer* of counsel], for the appellant.

*Raymond J. Riley* [*Mordecai Cohen* of counsel], for the respondent.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs, and motion for stay denied, with ten dollars costs.

This is an appeal from an order granting a motion made by the defendant to stay the marshal and plaintiff from executing a judgment obtained against him, on the ground that the property levied upon is exempt. There is also the additional claim that the property did not belong to defendant but belonged to a third party. We think the motion should not have been entertained on either ground. The rights of third parties who claim title to property seized under execution are prescribed in the Civil Practice Act (§ 696 *et seq.*). There is no provision for such a party making a motion in the action in which the judgment has been obtained, and such a proceeding

is unauthorized. (See *Hewson* v. *Deygert*, 8 Johns. 333.) The judgment debtor may move to stay the sheriff or marshal where property is exempt, but if questions of fact are raised upon such a motion it should not prevail, but the debtor should be relegated to his action at law. (*Matter of King*, 24 App. Div. 605; *Gilewicz* v. *Goldberg*, 69 id. 438.) Here, the motion should have been denied for the reason that the property is not exempt because the judgment was for the purchase money of one or more of the articles levied on and in such a case the statute expressly provides that the property is not exempt. (Civ. Prac. Act, § 665, subd. 7.)

All concur; present, CROPSEY, FABER and MACCRATE, JJ.