ADVANCE PIECE DYE WORKS, INC., Plaintiff, *v.* HARRY ZELLER, Defendant.*

City Court of New York, New York County, March 12, 1934.

---

* See, also, *Matter of Foster* v. *Hastings* (263 N. Y. 311); *Ace Mail Advertising, Inc.*, v. *Newgold* (150 Misc. 320; affd., 241 App. Div. 674).

*Levin, Rosmarin & Schwartz,* for the plaintiff.

*Samuel Robert Weltz,* for the defendant.

RYAN, J. Motion by plaintiff to punish the defendant for contempt of court upon the ground that he disposed of property during the pendency of a stay of execution granted at his request after the rendition of the verdict.

The action was commenced in November, 1931, against the defendant, who was then doing business under his own name. The trial occupied three days and was bitterly contested, resulting in a verdict by the jury on March 14, 1933, in favor of the plaintiff for the sum of $1,719.18, and disallowing defendant's counterclaim. Thereafter a stay of execution was granted to April 5, 1933. During the pendency of the stay defendant by order to show cause moved to set aside the verdict upon affidavits of jurors in the case, which motion was denied on April 28, 1933, and an additional five days' stay granted.

Subsequently by examination in supplementary proceedings against the defendant as judgment debtor it developed that on March 16, 1933, the day when a copy of the judgment was served upon him and while the stay was in operation the defendant received from Mill Factors Corporation its check in the sum of $2,298.71, which was the amount of a credit balance due defendant individually on a consignment of goods made in April, 1932, to Mill Factors Corporation, and liquidated for him by said corporation. Upon receipt of said check the defendant promptly indorsed and delivered same to his brother, Benjamin Zeller, who deposited same to his own credit and which cleared the bank in due course. Upon that action this motion is founded.

Defendant defends upon the ground that theretofore or about a year before the trial he had made an assignment to his brother, Benjamin Zeller, for moneys advanced, salary due and profits earned by his said brother in the business. Rather voluminous affidavits are submitted to support defendant's contention which the court has read. The averments therein contained are far from convincing; on the contrary, they are vague and indefinite. A brief review may be potent. In support of the alleged assignment to

his brother we find mere conclusions and no facts of an evidentiary nature to support same. It does not appear whether the alleged assignment was in writing or oral, the amount involved is indefinite, nor was any notice of such alleged assignment ever given to Mill Factors Corporation. And from all that is set forth the transfer of the check by said corporation to the defendant was a payment of the balance due him on the consignment of merchandise herein-above mentioned. The affidavit of Benjamin Zeller is likewise indefinite and the conclusions set forth are unsupported by any facts evidencing same. The other affidavits are not germane to the matter now under discussion. The photostatic copies of the checks of Benjamin Zeller and the indorsements thereon submitted with defendant's supplemental affidavit carry little or no weight to sustain the contention of the defendant. Several of them appear to be drawn in cash and cashed by the maker, while one for $500 was cashed by defendant, leaving but $2,600 worth of checks deposited in the defendant's account, included in which sum is a check for $1,500, dated March 27, 1929; of that check it may be pertinent to inquire why it became necessary for defendant to borrow that sum from his brother Benjamin in view of the statement contained in his supplemental affidavit that until sometime in 1929 he had been successful in his business, had established a fine rating in the commercial world and carried his account with the American Union Bank.

On April 14, 1933, while the stay of execution was still in force, a corporation called Harry Zeller, Inc., was incorporated, of which the defendant became the president in which the same employees as in the previous corporation (Zeller, Stern & Co.) continued in their respective positions. In connection with the later corporation defendant's sister and brother Edward were employed in an "advisory capacity" and received weekly salaries but neither of whom could satisfactorily explain what services each rendered as compensation for the salaries received.

Sufficient for the facts.

When a stay of execution is granted, especially as here at the request of the defendant, it is assumed that he will do nothing to change his financial responsibility, the plaintiff in the meantime being restrained from pursuing its legal remedies. Here we have the situation that the Mill Factors Corporation was liquidating defendant's consignment of merchandise; that a balance was due thereon to him of which he doubtless had knowledge; that during the pendency of the stay he received a check for such balance and immediately indorsed and delivered same to his brother on account of an alleged assignment for moneys alleged to be due. Taking

the testimony advanced by examinations in supplementary proceedings and the affidavits submitted by the defendant and his witnesses in their most favorable light, I fail to find support sufficient to sustain the innocence of the transfer of the said check. The whole story is incredulous and I am constrained to hold that the rights of the plaintiff were impaired, impeded and prejudiced.

Section 753 of the Judiciary Law provides, among other things (Subd. 2), " or for any deceit or abuse of a mandate or proceeding of the court."

Four elements are necessary in a matter of this kind in order to hold one guilty of contempt of court: "*First*, it must be shown that there was a deceit on the court; *second*, that the plaintiff's remedies and rights were impaired, impeded or prejudiced; *third*, that actual loss or damage was caused to the plaintiff, and *fourth*, that he has no other remedy prescribed by law for the recoupment of such damages." (*Dollard* v. *Koronsky*, 133 App. Div. 896.) (See, also, *Gresswell* v. *O'Rourke*, 163 N. Y. Supp. 580.)

The defendant by his actions has in my opinion brought himself within those elements and the motion is granted and he is fined the sum of $1,369.59 and the additional sum of $100 as counsel fee.

Submit order on notice.