ISRAEL JEDEIKIN, Plaintiff, Judgment Creditor, *v.* ROLFE LONG and Another, Defendants, Judgment Debtors.

Supreme Court, Bronx County, March 22, 1935.

*Harry Zimmerman* [*S. L. Cahn* of counsel], for the plaintiff.

*Joseph Zoetzl* [*Willard J. Wettje* of counsel], for the defendants.

LAUER, J. On January 15, 1935, a jury rendered a verdict in the sum of $1,100 in favor of the plaintiff against the defendant Long and another in this action. The defendant Long thereupon applied for a thirty days' stay of execution. This application was denied upon that defendant's refusal to stipulate that he would not transfer or otherwise dispose of any of his property pending the stay. Upon the plea of his counsel his application for a five days' stay of execution was granted. On January sixteenth judgment was entered in favor of the plaintiff. It now appears that on January seventeenth, eighteenth and nineteenth the defendant Long withdrew from four separate bank accounts a total of $3,672.44. This sum, he testified in supplementary proceedings, was given to his wife. The records of the Motor Vehicle Bureau show that on

January nineteenth ownership of this defendant's automobile was transferred to his sister. The defendant, however, continued to operate the automobile and to pay for its maintenance.

A stay of execution is granted a defendant against whom judgment has been rendered to afford him an opportunity of arranging either to pay the judgment or to allow him sufficient time to determine what further proceedings he deems necessary to pursue to protect his rights. A litigant is not justified in making use of a stay of execution granted by the court at his request for the purpose of disposing of his property in order to avoid a satisfaction of the judgment by levy under the execution, a stay of which he secured from the court. The stay in the instant case was granted upon the request of Long's attorney in the presence of that defendant and was secured from the court on the assumption that he would do nothing to change his financial responsibility pending such stay.

Was the defendant Long guilty of a contempt of court in disposing of his property during the existence of the stay which was granted to him at his request? The subject of a civil contempt is contained in section 753 of the Judiciary Law. That section provides:

"A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: * * *

" 2. A party to the action * * * for any deceit or abuse of a * * * proceeding of the court. * * *

" 4. A person * * * for any other unlawful interference with the proceedings therein. * * *

" 8. In any other case, where an attachment or any other proceeding to punish for a contempt, has been usually adopted and practiced in a court of record, to enforce a civil remedy of a party to an action or special proceeding in that court, *or to protect the right of a party.*"

In *Bartholomay Brewery Co.* v. *O'Brien* (172 App. Div. 784; affd., 220 N. Y. 587) section 753 was invoked to punish an attorney for contempt where being informed of a forthcoming adverse judgment he procured the defendants to execute a lease, rendering such judgment of little value. This was found to be an " unlawful interference with the proceedings therein " under subdivision 4 hereinbefore quoted.

In *Advance Piece Dye Works, Inc.,* v. *Zeller* (150 Misc. 908) it appeared that during the pendency of a stay the defendant received a check and transferred it. The court held the defendant guilty

of a contempt under subdivision 2 before quoted, holding that the defendant's conduct was a fraud and deceit upon the court.

In *Gresswell* v. *O'Rourke* (163 N. Y. Supp. 580) the facts disclosed are substantially similar to those here under consideration. The defendant in that case against whom a verdict was rendered obtained the stay of execution and immediately proceeded to utilize the stay thus obtained to divest himself of all his property, so that when the judgment debtor issued execution it was returned unsatisfied. The court regarded such proceedings " as flagrant contempt of court."

In *Evenson* v. *Cameo Sign Co., Inc.* (N. Y. L. J. Mch. 19, 1935, p. 1408) it appeared that a ten days' stay of execution was granted at the request of the defendant's attorney in the presence of officers of the defendant. Within six days after judgment was entered all of the tangible assets of the defendant were levied upon on a default judgment against the defendant as the result of an action instituted only six days before the trial. All of the facts and circumstances were known by the attorney and the parties at the time the application for a stay of execution was made. The court said: " A more flagrant attempt to defraud a creditor has never been brought to the attention of this court, and as the plaintiff's rights and remedies herein were defeated, impaired, impeded and prejudiced," the motion to punish the attorney and the officers of the defendant for a contempt of court was granted.

Here the undisputed facts establish conclusively that immediately after the defendant secured the stay of execution he proceeded to utilize the stay thus obtained to divest himself of his property and render the judgment uncollectible. I regard this conduct as a flagrant contempt of court. Undoubtedly the plaintiff's rights have been impaired, impeded and prejudiced. The course adopted by the defendant Long was intended to and was successful in evading and nullifying the judgment of the court, rendering the judgment practically valueless.

The law has provided safeguards and promulgated protective devices to insure to a litigant a fair and impartial trial and a just determination of his claim. This structure so carefully erected and so zealously preserved would be rendered useless and its benefits futile if by conduct so flagrant, dishonest and unjust, a defendant could, while seeking and securing from the court the benefit of a stay of execution, relieve himself of the legal obligation imposed upon him by a judgment and in that manner deprive the plaintiff of the fruits of his victory.

The motion is granted and the defendant Long is fined the amount of the judgment and interest and the additional sum of $250.

Settle order on notice.