PHILIP ROTHMAN, etc., Plaintiff, *v.* ROSMORE FROCKS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, May 27, 1935.

*Harry G. Fromberg,* for the plaintiff.

*Kirschner & Adelman,* for the defendant.

PRINCE, J. Motion by the plaintiff to punish for contempt of court Morris Mechanic and Isidore Muroff, officers of the defendant corporation, and Sol Kirschner, one of the attorneys, for disposing of all the available assets of the defendant corporation during the pendency of a stay of proceedings granted by the court after rendition of a verdict in favor of the plaintiff. The motion is

denied as to Sol Kirschner on the ground that his connection in no way has been shown with the disposal of the assets.

The minutes do not show that the stay was requested by the defendant, and it must be assumed that the court granted the stay as a matter of courtesy and of its own volition. It is my opinion, however, that whether or not a stay of execution granted by the court was at the volition of the court without a request by the attorney for the defendant, or at the request of the defendant, does not in any way change the effect of the conduct of the officers of the defendant corporation. It appears that during the five days' stay of execution granted to the defendant, all the available assets of this corporation, consisting of eighteen pieces of goods, the subject of the action, were claimed to have been sold by the aforementioned officers and the moneys realized from such sale disbursed by such officers to themselves for unpaid salaries past due. As a result of this, the execution issued after the expiration of the stay was returned wholly unsatisfied and no available assets of any kind were found to satisfy even to the slightest extent the judgment in question. The proceeding is brought pursuant to section 753 of the Judiciary Law, the contention of the plaintiff being that the acts above referred to violated section 753 in that plaintiff's rights were impeded and prejudiced. That this court has the power to punish for contempt is borne out by the following authorities: *Bartholomay Brewery Co.* v. *O'Brien* (172 App. Div. 784; affd., 220 N. Y. 587); *Advance Piece Dye Works* v. *Zeller* (150 Misc. 908); *Gresswell* v. *O'Rourke* (163 N. Y. Supp. 580); *Evenson* v. *Cameo Sign Co., Inc.* (N. Y. L. J. March 19, 1935, p. 1408); *Jedeikin* v. *Long* (Id. March 23, 1935, p. 1490, opinion by Mr. Justice LAUER).

The facts in this case are similar to the facts in *Jedeikin* v. *Long*, in which Mr. Justice LAUER wrote an exhaustive opinion. I quote from the opinion of Mr. Justice LAUER as follows: "A stay of execution is granted a defendant against whom judgment has been rendered to afford him an opportunity of arranging either to pay the judgment or to allow him sufficient time to determine what further proceedings he deems necessary to pursue to protect his rights. A litigant is not justified in making use of a stay of execution granted by the court at his request for the purpose of disposing of his property in order to avoid a satisfaction of the judgment by levy under the execution, a stay of which he secured from the court. * * *

" Undoubtedly the plaintiff's rights have been impaired, impeded and prejudiced. The course adopted by the defendant Long was intended to and was successful in evading and nullifying the judg-

ment of the court, rendering the judgment practically valueless. The law has provided safeguards and promulgated protective devices to insure to a litigant a fair and impartial trial and a just determination of his claim. This structure so carefully erected and so zealously preserved would be rendered useless and its benefits futile if by conduct so flagrant, dishonest and unjust, a defendant could, while seeking and securing from the court the benefit of a stay of execution, relieve himself of the legal obligation imposed upon him by a judgment and in that manner deprive the plaintiff of the fruits of his victory."

RYAN, J., in the case of *Advance Piece Dye Works* v. *Zeller* (150 Misc. 908), stated, among other things: "When a stay of execution is granted, especially as here at the request of the defendant, it is assumed that he will do nothing to change his financial responsibility, the plaintiff in the meantime being restrained from pursuing its legal remedies."

Although the record in this case does not show a request for a stay, nevertheless I do not regard this feature as important. The fact remains that a stay was granted, during which time the plaintiff was stayed from pursuing its legal remedies, and the rights of the plaintiff were impaired, impeded and prejudiced, causing loss or damage at least to the extent of the value of the eighteen pieces disposed of during the pendency of the stay. In my opinion the conduct of the two officers of the defendant corporation are within the inhibition of section 753 of the Judiciary Law, and I find said officers guilty of contempt. Said Morris Mechanic and Isidore Muroff are jointly and individually fined the sum of $250, plus $10 costs of this motion. Upon default in the payment of said fine of $250 and $10 costs on or before ten days from the entry and service of a copy of this order, an order of commitment will issue on notice. Submit order and let a certified copy thereof be served on the said Morris Mechanic and Isidore Muroff. When paid, said $250 fine shall be credited on account of the judgment obtained by the plaintiff herein.