In the Matter of Supplementary Proceedings: JOHN J. GUTHY, JR., etc., Judgment Creditor, Plaintiff, *v.* ARTHUR SPENGLER, Judgment Debtor, Defendant.

Supreme Court, Special Term, Queens County, September 2, 1941.

*Weckstein & Weckstein*, for the judgment creditor.

*Russell H. Kruppenbacher*, for the judgment debtor.

HALLINAN, J. On June 5, 1941, Mr. Justice McGAREY, before whom the action for wrongful death was tried, directed judgment in the sum of $3,500 in favor of the plaintiff. After the decision was announced, and in the presence of the defendant and his wife, his attorney requested and was granted a stay of execution of thirty days. Judgment in the sum of $4,176.95 was duly entered of June 6, 1941. On June 13, 1941, the judgment debtor closed out his account in the Richmond Hill Savings Bank by withdrawing in cash the sum of $3,181.79. He claims he turned said sum over to his wife. On the same day he executed a deed of a bungalow in Suffolk county to his wife in consideration of ten dollars and love and affection. These facts are not disputed. The debtor denies, however, that he had improper intentions or that he is in willful contempt of court. He claims that the judgment is erroneous, that he has appealed therefrom and is arranging for an undertaking upon appeal; that he earns a substantial salary which his judgment creditor may attach, and still owns his automobile.

Notwithstanding all this, the fact remains that *during the stay granted* by the court the judgment debtor *divested himself of property* readily subject to execution, thereby impeding and impairing the judgment creditor's remedies and rights.

Under these circumstances his conduct constituted a flagrant contempt of court, which necessarily assumed, in acceding to his request for a stay, that he would do nothing to change his status and financial responsibility pending such stay. (*Bartholomay*

*Brewery Co.* v. *O'Brien,* 172 App. Div. 784; affd., 220 N. Y. 587; *Miller* v. *Smerkins,* 243 App. Div. 780; *Gresswell* v. *O'Rourke,* 163 N. Y. Supp. 580; *Jedeikin* v. *Long,* 154 Misc. 835, 836.)

Accordingly, the motion is granted as follows: The judgment debtor is fined the amount of the judgment and interest, besides the sum of $100 costs, which includes the counsel expense in making this application. He may purge himself of his contempt, (1) by paying said $100 and filing a surety undertaking on appeal from the judgment by September 20, 1941, at five P. M., or (2) by paying the full amount of the fine, with interest, by September 30, 1941, at five P. M. if the first alternative is not complied with. In the event that neither alternative is complied with as aforesaid, a commitment will issue without further notice.

Settle order on notice.