FASS & WOLPER, INC., and M. H. GAILLARD AND COMPANY, INC., Plaintiffs, *v.* EVERETT L. BURNS and MONTGOMERY WARD & Co., INCORPORATED, Defendants.

Supreme Court, Special Term, New York County, October 15, 1941

*Pfeiffer & Crames*, for the plaintiffs.

*Matthew Greene*, for the defendant Everett L. Burns.

*Arthur, Dry & Dole*, for the defendant Montgomery Ward & Co., Incorporated.

BENVENGA, J. This is a motion to punish the defendant Burns and his attorney for contempt of court.

It appears that, after the rendition of a verdict for plaintiff, counsel for defendant Burns, in his presence, requested the usual thirty days' stay of execution and sixty days to make a case. The motion was granted without objection and without the imposition of any express condition. Thereafter, defendant made an assignment for the benefit of creditors. The question is whether, under

the circumstances, the making of the assignment constitutes a contempt of court.

It is well settled that, although a defendant may not be punished for contempt under section 753 of the Judiciary Law, for the transfer of h's assets during the pendency of a stay of execution, where the stay was not sought by him and was not obtained by any false promise to preserve the *status quo* (*Dailey* v. *Groehnert*, 153 Misc. 427), he may be so punished where, at the request of the defendant, the stay was granted upon the *express* condition or stipulation, whether embodied in a written or an oral order, requiring the defendant to refrain from disposing of his assets or doing anything which might defeat, impair, impede or prejudice any of the plaintiff's rights or remedies during the continuance of the stay. This principle has been applied where defendants disposed of their property by conveyance or otherwise (*Gresswell* v. *O'Rourke*, 163 N. Y. Supp. 580; *Advance Piece Dye Works, Inc.*, v. *Zeller*, 150 Misc. 908; *Jedeikin* v. *Long*, 154 id. 835; *Rothman* v. *Rosmore Frocks, Inc.*, 155 id. 781), and where they filed voluntary petitions in bankruptcy. (*Ludwig* v. *Jurist*, 187 N. Y. Supp. 325; *Silverman* v. *Seneca Realty Co.*, 154 Misc. 35.) There can be no doubt, therefore, that the making of an assignment for the benefit of creditors, in violation of an *express* order of the court, is likewise punishable as a contempt.

But the question remains whether the defendant may be punished where the alleged contempt is based upon the disobedience of an *implied* order of the court. There is support for the claim, in a recent Federal decision, that such disobedience cannot be punished as a contempt. (*Berry* v. *Midtown Service Corp.*, 104 F. [2d] 107.) But that is because the Federal contempt statute is not as broad as our State statute. (Id. 109.) Be that as it may, the New York cases recognize no such distinction. (*Advance Piece Dye Works, Inc.*, v. *Zeller, supra; Jedeikin* v. *Long, supra; Rothman* v. *Rosmore Frocks, Inc., supra*. See, also, 122 A. L. R. 1346, note.)

As has been pointed out, " A stay of execution is granted a defendant against whom judgment has been rendered to afford him an opportunity of arranging either to pay the judgment or to allow him sufficient time to determine what further proceedings he deems necessary to pursue to protect his rights." (*Jedeikin* v. *Long, supra*.) The purpose and effect of such a stay are to prevent the plaintiff from pursuing his rights and remedies to enforce the collection of the judgment. Accordingly, when a stay is granted, especially at the defendant's request, he *impliedly* agrees, in consideration of the favor so extended to him, that he will not, during the pendency of the stay, transfer or dispose of

his assets or otherwise disturb the *status quo*. Certainly, the court has a right so to assume, and counsel for the plaintiff, when he refrains from interposing any objection to the granting of the stay, has a right also so to assume. Obviously, he would not otherwise consent to the stay, nor would the court grant it. Indeed, it has been said that a conditional stipulation that the defendant will maintain the *status quo* is as plainly implied from the order granting the stay as though embodied in it in express terms. (*Lineker* v. *Dillon*, 275 Fed. 460, 470.)

Under the circumstances, an assignment for the benefit of creditors during the pendency of a stay is a fraud and deceit, as well as an abuse of a mandate or proceeding of a court within the meaning of subdivision 2 of section 753 of the Judiciary Law; it is a flagrant violation of the terms of the order granting the stay and constitutes a contempt of court. (See *Matter of Cuthy*, N. Y. L. J. Sept. 3, 1941, p. 489.)

If the defendant is guilty of a contempt of court under such circumstances then the attorney who assisted him in perpetrating the fraud is likewise guilty of a contempt. (*Gresswell* v. *O'Rourke*, *supra;* *Ludwig* v. *Jurist*, *supra;* *Rothman* v. *Rosmore Frocks, Inc.*, *supra.*) As the court said in the *Gresswell* case (*supra*): " It is hard to believe that a member of the bar, an officer of the court, would be a party to such an outrageous proceeding. It is not only a contempt of court, but it is a betrayal of the trust and confidence which a judge has a right to rely on between court and counsel."

The motion is granted and the respondents are fined the amount of the judgment and interest. Settle order on notice.