YVETTE HUNTER et al., Respondents, v. NATIONAL TRANSPORTATION Co., INC., Defendant, and VINCENT BROSTEK, Appellant.

First Department, April 12, 1948.

*Jacob M. Kram* for appellant.

*Jeremiah A. O'Leary* of counsel (*Stephen W. O'Leary* with him on the brief; *Nathan Lewis,* attorney), for respondents.

Cohn, J. Appellant was a codefendant with National Transportation Co., Inc., in this suit to recover damages for personal injuries. After a trial the jury rendered a verdict in favor of plaintiffs in the total sum of $1,145 against appellant Brostek. The proof in the record sufficiently establishes that the attorney for appellant requested the trial counsel of the corporate defendant to take the verdict and if adverse to Brostek, to move to set it aside, and in the event of the denial of the said motion, to apply for a ten-day stay of execution. When the verdicts were rendered on June 12, 1947, the attorney for the corporate defendant in compliance with the request of appellant's attorney applied for a stay of execution of ten days, which was granted. Judgment was entered on June 13, 1947, and a copy with notice of entry thereof was served upon appellant. Brostek, who is employed at a salary of $4,500 yearly and who claims to have had no other assets at the time, filed a voluntary petition in bankruptcy on June 20, 1947, and obtained an order of the United States District Court staying plaintiffs from taking any steps to collect the judgments. The bankruptcy petition and affidavit were verified June 16, 1947, which was the Monday following the Friday on which the judgments had been entered.

When the stay of execution was granted at the behest of

appellant, he impliedly agreed that during the pendency of the stay he would do nothing to change his financial responsibility or otherwise disturb his status to the prejudice of the judgment creditors. The effect of the stay was to prevent plaintiffs from pursuing their rights and remedies to enforce the judgment during its pendency. By the conduct of appellant in filing a voluntary petition in bankruptcy during that period, plaintiffs' right to proceed to the immediate collection of their judgments was impaired, impeded and prejudiced, and such conduct constituted a contempt of court. (*Fass & Wolper, Inc.*, v. *Burns*, 177 Misc. 430; *Ludwig* v. *Jurist*, 187 N. Y. S. 325, affd. N. Y. L. J., March 11, 1921, p. 1982, col. 5 [App. Term, 1st Dept.] ; *Silverman* v. *Seneca Realty Co.*, 154 Misc. 35; *Advance Piece Dye Works, Inc.*, v. *Zeller*, 150 Misc. 908; see, also, *Bartholomay Brewery Co.* v. *O'Brien*, 172 App. Div. 784, affd. 220 N. Y. 587.) Though the record fails to show that appellant had any property against which execution could have been levied, concededly he earned a salary of $4,500 yearly on which a garnishee order could have been obtained immediately upon the rendition of the judgment, if the stay had not then been granted.

Section 753 of the Judiciary Law, so far as pertinent, reads as follows: " § 753. *Contempts punishable civilly.*

" A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: *  *  *

" 2. *  *  * for any deceit or abuse of a mandate or proceeding of the court." In the circumstances, the filing of a petition in bankruptcy by appellant during the pendency of the stay was an abuse of a mandate or proceeding of a court within the meaning of subdivision 2 of section 753. It was a violation of the implied assurance given by appellant in obtaining the stay, that he would not disturb his status to the prejudice of the plaintiffs. He was properly adjudged guilty of contempt of court.

The amount of the fine to be imposed for a civil contempt is provided for in section 773 of the Judiciary Law, which in part states that where it has not been shown that actual loss or injury has resulted from the illegal act of appellant, the court is limited to imposing a fine not exceeding the amount of complainant's costs and expenses and $250 in addition thereto. (*Riedel Glass Works, Inc.*, v. *Kurtz & Co., Inc.*, 260 App. Div.

163, affd. 287 N. Y. 636.)   As there was no proof of the precise amount of the actual loss or injury produced to plaintiffs by reason of the appellant's misconduct, there was no justification for imposing a fine in excess of the sum of $250.

The determination of the Appellate Term and the order of the City Court should accordingly be modified by limiting the fine to the sum of $250, and in all other respects affirmed.

GLENNON, J. P., DORE, CALLAHAN and SHIENTAG, JJ., concur.

Determination of the Appellate Term and order of the City Court unanimously modified by limiting the fine to the sum of $250 and in all other respects affirmed.   Settle order on notice.