Frank A. Gulotta, J.
This is a motion to punish a judgment debtor for contempt for failure to appear for an examination in supplementary proceedings on March 2, 1959.
While this is the only motion pending before the court, most of the papers submitted by both sides are devoted to a discussion as to whether the debtor was guilty of an additional contempt, by reason of the violation of the injunction against transfer of his property, which was indorsed on the subpoena pursuant to section 781 of the Civil Practice Act and served on him on February 19, 1959.
The movant also charges the attorney for the debtor with contempt, but since no motion is pending in which he is a party defendant, the court will not deal with that matter in this opinion.
*537 It is clear, in fact it is conceded, that the debtor deliberately did not appear for examination on March 2, 1959. He claims the right to do this, because the subpoena was made returnable at Special Term, Part I, at 33 Willis Avenue, instead of the courthouse on Old Country Road where Special Term, Part I, was located until January 1, 1959.
This of course was a mere irregularity conferring on the debtor no right to ignore the process of the court.
He appeared in neither place and when the attorney for the creditor called him on the telephone, reiterated his intention not to come at all.
Thereafter his attorney engaged in some shadow boxing, pretending he would produce him voluntarily, but meantime proceeding apace with a bankruptcy petition, so that the debtor did not appear on March 12, 1959 either, having filed a petition in bankruptcy and procured a restraining order on March 11,1959.
The judgment creditor asks that the debtor be fined the amount of the judgment in the sum of $2,221, but this may not be done unless there is a showing that by reason of the contempt, the creditor has actually suffered a pecuniary loss in that amount. (Matter of Manufacturers Trust Co. v. Sullivan, 266 App. Div. 540; Socialistic Co-op. Pub. Assn. v. Kuhn, 164 N. Y. 473; Hunter v. National Transp. Co., 273 App. Div. 487; Judiciary Law, § 773.)
Here the most that can be said is that the creditor might have, but for the contempt, collected his judgment, but in view of the bankruptcy this would have constituted a voidable preference and the indications are that he could not have retained it. (See Collier, Bankruptcy Manual [2d ed.], par. 60.04.)
Of course if the bankruptcy itself is a Aim flam as suggested by the creditor, he will collect his judgment anyway, but that is a question for the Referee in Bankruptcy, not this court.
It is also claimed that there was a sale in bulk of debtor’s business to a corporation formed by debtor’s wife while the stay was in effect, but as of the present time, there is no proof that debtor transferred anything but his future services. If he did more than that, the matter can be dealt with adequately in the bankruptcy proceeding.
The debtor is fined for his deliberate contempt the sum of $100 of which he may purge himself by payment within 10 days after service of a copy of the order to be entered herein, upon his attorney.
Settle order.