Bernard S. Meyer, J.
Movant is a judgment creditor of defendant in this action, and seeks to vacate an execution issued in this action because issued in violation of a stay granted in this *423 action. Movant should have begun a special proceeding under CPLR 5239, and has no .standing in this action (see Baumann & Co. v. Christenson, 146 Misc. 435), but since both execution creditors and the Sheriff have been given notice and are before the court, and since the merits have been argued, the court will treat the motion as a CPLR 5239 proceeding and decide the merits. Movant’s (petitioner’s) execution was delivered to the Sheriff on April 8, 1966; plaintiff (respondent) delivered to the Sheriff on April 7 an execution dated April 8. Movant-petitioner points out that a 15-day stay was granted in this action when judgment was entered March 24, 1966 and prevented execution by plaintiff-respondent before April 9,1966. The difficulty with that argument is that the stay was granted for the benefit of the judgment debtor (Fass & Wolper v. Burns, 177 Misc. 430), not other creditors of the debtor, and is not an adjudication of rights between the debtor’s creditors. The issuance of execution prior to expiration of the stay may subject plaintiff-respondent to contempt proceedings and is grounds for vacation of the execution on motion of the judgment debtor (Sullivan v. Van Valkenburg, 128 N. Y. S. 624). However, the judgment debtor, though he filed an affidavit, has made no such request, and movantpetitioner cannot make it for him. Until plaintiff’s (respondent’s) execution is set aside, it is entitled to priority because it was first delivered to the Sheriff (CPLR 5234, subd. [b]).